On 22 May 1981, plaintiffs Edward and Annette Stewart filed an action for damages against Johnny Ford, Tyrone Davis, Clint Jackson, Edward Hyman Company, Capitol Linen Supply Company, Risk Management Services, and certain fictitious parties defendant. The action was filed in Tallapoosa County where both Capitol Linen and Risk Management, domestic corporations, were doing business by agent. The complaint was later twice amended to substitute for the fictitious parties defendant, named parties. Plaintiffs are residents of Tallapoosa County.
On 26 June 1981, petitioners, Johnny Ford and Clint Jackson, officials of the City of Tuskegee and residents of Macon County, filed a motion to transfer this action to the Circuit Court of Macon County, Alabama. After an evidentiary hearing, the motion was denied. Petitioners Johnny Ford, et al., then filed this petition for writ of mandamus ordering the Honorable James A. Avary to vacate the order of 1 June 1982 and to enter an order transferring this case to the Circuit Court of Macon County.
We think it would be helpful to review certain of the pertinent facts. The controversy arose out of injuries sustained by respondent Edward Stewart on 24 October 1980, from an accident which took place at the City Shop in the City of Tuskegee where he was then employed as a mechanic. The accident occurred when some gasoline was spilled in the vicinity of Stewart and was ignited by a light bulb, resulting in severe injuries to his person. Capitol Linen is allegedly the manufacturer of a jacket which Stewart was wearing when the accident occurred. Risk Management is a domestic corporation which, at the time of the accident, had a contract to service workmen's compensation claims for the City of Tuskegee. At all times pertinent to this case, the City of Tuskegee, which is not named as a defendant in this action, was covered by the Alabama Workmen's Compensation laws applicable to self-insured municipal corporations. On 22 April and 14 May 1982 respectively, Risk Management and Capitol Linen were dismissed pursuant to a pro tanto settlement.
Plaintiffs correctly contend the venue statutes, decisional law, and rules of civil procedure, in effect both at the time of the accrual of their causes of action as well as at the time their action was filed, should be looked to to determine the proper venue of this case; and therefore the propriety of the ruling on the motion to transfer. Further, they contend Rule 82 (d), ARCP, as amended, effective 1 March 1982, places proper venue in Tallapoosa County.
Under 82 (b)(1)(A), actions against resident individuals of Alabama "[m]ust be brought in the county where defendant or any material defendant resides at the commencement of the action." ARCP 82 (c) provides for the joinder of additional claims and parties "[w]henever an action has been commenced in a proper county . . . without regard to whether that county would be proper venue for an independent action on such claims or against such parties." Rule 82 (d) further provides for the transfer of the action "to the court in which the action might have been properly filed," when venue has been improperly laid.
The Committee Comments to Rule 82 (c) and subsequent case law have interpreted this provision to make proper venue a condition precedent to the joinder of ancillary claims and parties. Manessv. Weogufka Volunteer Fire Department, 386 So.2d 429 (Ala. 1980). The comments to ARCP 82 (c), in relevant part, state that "[t]he correct principle seems to be that once venue is properly laid, other claims and parties may be joined as ancillary to the original action regardless of venue requirements."
Thus, our initial inquiry focuses on the question of whether venue was proper at the commencement of the action, since, as theManess Court stated, "[A] transfer is *Page 1196 
not authorized under the Rules unless venue was incorrect at the outset of the suit."
The Stewarts assert that venue as to Capitol Linen and Risk Management was proper because both corporations were doing business by agent in Tallapoosa County. Under Alabama law, a domestic corporation may be sued in "any county in which it does business by agent or was doing business by agent at the time the cause of action arose." § 6-3-7, Code 1975.
Petitioners do not dispute that Capitol Linen and Risk Management were doing business by agent in Tallapoosa County at the time the cause of action arose; nor do they challenge the applicability of § 6-3-7 to the instant case. Rather, they contend venue was improperly laid in Tallapoosa County because defendants were not "material defendants" within the meaning of 82 (b)(1)(A), ARCP.
A "material defendant" is "one whose position is antagonistic to that of the plaintiff's because relief is sought against him."Alabama Youth Services Board v. Ellis, 350 So.2d 405, 408 (Ala. 1977). Also see Maness v. Weogufka Volunteer Fire Department,supra.
The Stewarts insist that Capitol Linen and Risk Management were "material" to the lawsuit since the complaint stated a valid claim for relief against them. They also offer, as proof that they were "antagonistic" to plaintiffs, the fact that defendants paid money to them under the pro tanto settlements. They citeManess for the proposition that they need not prevail in a claim against a particular defendant for it to be "material" to the lawsuit. Furthermore, we deem it significant to our determination, apparently in agreement with the trial court, that Capitol Linen and Risk Management were material defendants, that Risk Management paid $15,000 to the Stewarts and at the same time waived any right of subrogation to their claims against any third party. On the other hand, petitioners were of the opinion that claims of the Stewarts against all the Macon County defendants had an aggregate value of only $10,000. Also, Capitol Linen paid $2,500 under its pro tanto settlement.
While contending that the pro tanto payments were insignificant in amount when measured against the amount of medical expense and the permanent injuries of and to the Stewarts, petitioners fail to address this matter as to Risk Management in their petition under the heading "Reasons Why The Writ Should Issue."
Regarding amended Rule 82, the Committee Comments state that abona fide pro tanto settlement that results in a voluntary dismissal of a defendant is grounds for transfer. Also seeMarshall County v. Uptain, 409 So.2d 423 (Ala. 1981).
We find from the record that Capitol Linen and Risk Management were material defendants, originally sued in Tallapoosa County where venue was proper as to them and the pro tanto settlements were bona fide ones resulting in dismissals that did not warrant transfer of the case to Macon County.
WRIT DENIED.
MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and FAULKNER and ADAMS, JJ., dissent.