496 So.2d 774 (1986)
Ex parte CHARLES BELL PONTIAC-BUICK-CADILLAC-GMC, INC., and Charles Bell.
(In re Ed Willie TRAYLOR v. Charles BELL, et al.)
85-872.
Supreme Court of Alabama.
October 3, 1986.
Robert S. Thompson, Tuskegee, for petitioner.
James R. Bowles of Bowles & Cottle, Tallassee, for respondent.
PER CURIAM.
This petition seeks a writ of mandamus to compel the transfer of a fraud action from the Montgomery County Circuit Court to the Macon County Circuit Court. The writ is denied.
It is undisputed that Charles Bell Pontiac-Buick-Cadillac-GMC, Inc., is a domestic corporation doing business in Macon County, Alabama. It is undisputed that the dealership does not do business by agent in Montgomery County and that it was not doing business by agent there at the time the cause of action arose.
Ala.Code 1975, § 6-3-7, provides in relevant part:
"[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does *775 business by agent in the county of the plaintiff's residence."
However, Traylor is also suing Charles Bell individually. Charles Bell resides in Montgomery County. Ala.Code 1975, § 6-3-2(a)(3), provides that personal actions of a legal nature against individuals may be commenced in the county in which the defendant or one of the defendants has a personal residence. In addition, Rule 82(b)(1)(A), Ala.R.Civ.P., provides that personal actions, other than an action on a contract, against an individual or individuals having a permanent residence in this state "may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them." Furthermore, Rule 82(c) provides that where several parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Thus, venue is proper in Montgomery County if Traylor has asserted a claim against Charles Bell individually.
In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity. Candy H. v. Redemption Ranch, Inc., 563 F.Supp. 505, 513 (M.D.Ala.1983); Chandler v. Hunter, 340 So.2d 818, 822 (Ala.Civ.App. 1976).
The complaint charges that Charles Bell personally participated in the alleged fraud; thus, venue in Montgomery County is proper.
WRIT DENIED.
MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
ADAMS, J., concurs specially.
TORBERT, C.J., and HOUSTON and STEAGALL, JJ., dissent.
ADAMS, Justice (concurring specially).
I have read the dissenting opinion authored by Chief Justice Torbert in which he quotes from my dissent in Ex parte Ford, 431 So.2d 1194 (Ala.1983). I was joined in that dissent by Chief Justice Torbert and Justice Faulkner. I did not prevail then and the law as enunciated by the majority is expressed in the per curiam opinion in this case. Even though I believe that my dissent was correct, it nevertheless is not the law in this jurisdiction. There comes a time when one must recognize what the law is and accept same without dissent.
TORBERT, Chief Justice (dissenting).
The majority correctly relies on Rule 82(b)(1)(A), A.R.Civ.P., as the controlling rule of civil procedure in this case. This rule provides that suits against resident individuals
"[m]ust be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them...."
Id. (emphasis added). Although the majority does not specifically address the requirement of materiality set forth in this rule, the Court has presumably defined a "material defendant" as one against whom a legally sufficient claim has been stated in the plaintiff's complaint. I believe that this definition is incompatible with the language and purpose of Rule 82(b)(1)(A). For this reason, I respectfully dissent.
In Ex parte Ford, 431 So.2d 1194 (Ala. 1983), I concurred with Justice Adams's dissent, in which he offered the following observations:
"As stated in the committee's comments to the rule, the purpose of incorporating the `material defendant' language ... was `to prevent a plaintiff from joining a nominal defendant for the express purpose of shifting the venue of the action.'
"The comments clearly reflect the committee's intention that the courts look beyond the face of the complaint and inquire into the motives behind the plaintiff's *776 decision for suing particular defendants. Thus, if it appears that there exists no reason for naming a defendant, other than the fortuitous circumstance that he provides the basis for an assertion of venue, he cannot be deemed material to the cause of action."
Ex parte Ford, 431 So.2d at 1197 (Adams, J., dissenting) (quoting Advisory Committee Comments, Rule 82, A.R.Civ.P.). I still believe that Rule 82(b)(1)(A) requires that the trial court "look beyond the face of the complaint" in order to prevent the naming of defendants solely for the purpose of obtaining more favorable venue. The rule announced today, however, would restrict the trial court's inquiry solely to a determination of the legal sufficiency of the allegations of the complaint. Such superficial scrutiny of the plaintiff's motives can only serve to vitiate any distinction between "material" and "non-material" defendants and will eventually undermine both the language and the purpose of Rule 82(b)(1)(A).
Consistent with my concurrence with Justice Adams's dissent in Ex parte Ford, in which he referred to evidentiary material outside the pleadings to determine materiality, I would allow the trial court to go beyond the complaint and inquire into the evidence which is likely to be presented at trial. If the moving defendant can show that there exists no proof of his wrongdoing, I would allow the trial court to conclude that the moving defendant is not material for the purpose of predicating venue on him. In short, such an absence of evidence would indicate that the defendant was named solely for the purpose of obtaining venue and that he is therefore not "material" within the meaning of Rule 82(b)(1)(A), A.R.Civ.P.
Applying these rules to the case at hand, I conclude that Charles Bell is clearly not a material defendant. Although Traylor's complaint alleges fraud on the part of Bell, no proof of any participation by Bell in the alleged fraudulent acts is indicated in the deposition excerpts or other evidence submitted in this mandamus proceeding. Indeed, Bell's only established contacts with the alleged fraud are his signatures on various documents and a possible conversation or conversations he had with the plaintiff. None of the documents, however, contains the misrepresentations alleged in the complaint, and Bell's participation in the allegedly fraudulent conversation or conversations is not specified. Based on the materials submitted with this petition, Bell has shown that no proof has been offered of his personal participation in the alleged fraud. Therefore, I would hold that Bell cannot be a material defendant in this action, and that venue may not properly be predicated on him.
For the foregoing reasons, I would grant the writ.
HOUSTON and STEAGALL, JJ., concur.