Shelby County, a political subdivision of the State of Alabama, petitions this Court for a writ of mandamus directing the Honorable Robert R. Armstrong, Jr., judge of the Circuit Court of Shelby County, to set aside his order transferring the underlying lawsuit to Jefferson Circuit Court and to restore the case to the docket of the Shelby Circuit Court. The writ is granted.
On August 4, 1986, Shelby County and several other plaintiffs filed suit in Shelby County Circuit Court, seeking declaratory and injunctive relief against the City of Birmingham, the mayor of Birmingham, members of the city council of Birmingham, the judge of probate of Shelby County, the Water Works Board of the City of Birmingham, United States Pipe and Foundry Company, Emory Realty Company, United States Steel Corporation, Child Mental Health Services, Inc., A.M. Harper, and Glenn Ireland III. The plaintiffs allege that the City of Birmingham's purported annexation of Shelby County territory, and the ordinances and exercise of municipal authority in conjunction therewith are unlawful and invalid. The plaintiffs also allege that the individual and corporate defendants who petitioned for annexation and whose real property became subject to land use planning and regulation from both the City of Birmingham and the Shelby County Planning Commission are subject to conflicting authorities, and that the circuit court should order these landowners to comply with the Shelby County Planning Commission's regulations. The plaintiffs also seek quo warranto relief pursuant to Ala. Code 1975, § 6-6-590, or, alternatively, § 6-6-591.
Several defendants filed motions to transfer the case to Jefferson County Circuit Court due to a lack of jurisdiction and/or improper venue. The plaintiffs filed venue interrogatories, which were answered by all of the defendants except the Water Works Board of the City of Birmingham. On May 15, 1987, the judge of the Shelby County Circuit Court transferred the case to the Jefferson County Circuit Court, Birmingham Division.
Counsel for defendants relies upon Ex parte City ofBirmingham, 507 So.2d 471 (Ala. 1987), wherein this Court held that, in an action against a municipal corporation, venue generally lies in the county which is the situs of the municipal corporation's seat of government. In that case, an action was brought by Blount County and others against the City of Birmingham alone, seeking a judgment declaring invalid certain ordinances by which Birmingham had purported to annex certain property in Blount County. However, the Court did not address whether Ala. Code 1975, § 6-3-2, and Rule 82(b), A.R.Civ.P., or Ala. Code 1975, § 6-3-7, would make venue proper in a county other than the county which is the situs of the municipal corporation's seat of government. This issue is presented in the instant case.
Petitioner argues that venue is proper in Shelby County because an individual who resides in Shelby County is named as a defendant, because foreign and domestic corporations that do business in Shelby County are named as defendants, and because the joinder of the City of Birmingham is ancillary to the joinder of these parties.
If venue in a particular county is proper as to one defendant, then additional claims and parties may be joined as ancillary thereto. Rule 82(c), A.R.Civ.P.
An action against an individual "must be brought in the county where the defendant or any material defendant resides." Rule 82(b), A.R.Civ.P., and Ala. Code 1975, § 6-3-2. Defendant A.M. Harper, an owner of property purportedly annexed into Birmingham, resides in Shelby County.
Alabama Code 1975, § 6-3-7, provides:
 "A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent. . . ."
Defendant United States Steel Corporation, now known as USX Corporation, is a foreign *Page 527 
corporation qualified to do business in Alabama and doing business in Shelby County. Defendant United States Pipe and Foundry Company, is also a foreign corporation qualified to do business in Alabama and doing business in Shelby County. Defendants Emory Realty and Child Mental Health Services are domestic corporations that do business in Shelby County. Defendant Water Works Board of the City of Birmingham did not respond to venue interrogatories, but arguably it is a domestic corporation that does business in Shelby County.
Based upon the foregoing, venue is proper in Shelby County. However, Birmingham argues that venue should still be in Jefferson County because none of the above mentioned defendants is a "material defendant."
"A 'material defendant' is 'one whose position is antagonistic to that of the plaintiff's because relief is sought against him.' " Ex parte Ford, 431 So.2d 1194, 1196
(Ala. 1983), quoting Alabama Youth Services Board v. Ellis,350 So.2d 405, 408 (Ala. 1977). A material defendant has also been defined as "a real and bona fide defendant whose interest in the result of the action is adverse to that of the plaintiff with respect to the cause of action against the other defendant." Copeland v. Loeb, 269 Ala. 295, 297, 112 So.2d 475,477 (1959).
In the instant case, the interests of the defendant landowners are certainly antagonistic to the interests of Shelby County. Shelby County seeks to prevent the use of property in that county in a manner contrary to its planning and zoning regulations. Since the defendant landowners petitioned and/or consented to have their property annexed into the City of Birmingham, they are obviously aligned with the City of Birmingham and have an interest in the result of the action that is adverse to that of Shelby County.
A writ of mandamus may be granted only when there is a clear showing of error in the trial court to the injury of the petitioner. Ex parte Harrington Manufacturing Co., 414 So.2d 74
(Ala. 1982). We find that venue was proper in Shelby County; thus, the trial court erred in transferring the underlying lawsuit to Jefferson County. The writ of mandamus is granted.
WRIT GRANTED.
TORBERT, C.J., and JONES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX and ADAMS, JJ., dissent.
ALMON, J., not sitting.
 On Application For Rehearing