541 So.2d 1094 (1989)
Ex parte CITY OF HUNTSVILLE.
(In re William F. PRESTON and Doris Preston v. CITY OF HUNTSVILLE, a municipal corporation, et al.)
87-1083.
Supreme Court of Alabama.
March 24, 1989.
J. Robert Miller, Huntsville, for petitioner.
D. Leon Ashford of Hare, Wynn, Newell & Newton, Birmingham, for respondents.
PER CURIAM.
Plaintiff William Preston was employed by a subcontractor working on the Marriott Hotel in Huntsville. The plaintiff was injured "while standing or stepping on a water meter pit cover." The plaintiff and his wife sued Mariner Corporation ("Mariner") and Mariner/Huntsville, Limited ("Mariner/Huntsville"), the owners of the hotel; Universal Construction Company ("Universal"), the general contractor; and the City of Huntsville ("City"), the owner of the water meter and cover.
Alleging that Mariner, Mariner/Huntsville, or Universal had done or were doing business in Jefferson County, the plaintiffs filed their lawsuit in the Jefferson Circuit Court under the authority of Ala.Code 1975, § 6-3-7, and Rule 82, A.R.Civ.P.: "§ 6-3-7. Venue of ActionsAgainst foreign and domestic corporations.
"A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
"Rule 82. Jurisdiction and venue.
"(c) Venue where claims[s] or parties joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary *1095 thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties."
The City moved to abate or to transfer the cause to the Madison Circuit Court on the grounds that because the City is a municipal corporation, venue in certain civil suits against it must be in Madison County where it is located, pursuant to the terms of Alabama Code 1975, § 6-3-11 (which became effective on July 14, 1987)[1]:
"§ 6-3-11. Venue of actions against counties or municipalities.
"The venue for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred."
The other defendants did not join in the City's motion to transfer and, instead, filed a general appearance admitting that venue in Jefferson County was proper as to each of them. The City's motion was overruled by the Jefferson Circuit Court, and this petition for the writ of mandamus followed. The City asks that this Court direct the Jefferson Circuit Court to transfer this action to the Madison Circuit Court pursuant to § 6-3-11.

THE ISSUE
In a lawsuit in which a county or a municipality is joined as a defendant along with other defendants, is proper venue to be determined solely pursuant to the terms of § 6-3-11 and without regard to the terms of Rule 82(c)?

THE DECISION
Prior to the enactment of § 6-3-11 in 1987, the venue of actions against both foreign and domestic corporations was controlled by the provisions of § 6-3-7. Recent decisions of this Court had held, however, that § 6-3-7 did not apply to municipal corporations.
In Ex parte City of Birmingham, 507 So.2d 471 (Ala.1987), the plaintiffs (Blount County, members of the Blount County Commission, and an individual resident taxpayer of Blount County) sued the City of Birmingham in the Blount Circuit Court, seeking "a judgment declaring invalid certain ordinances by which the City of Birmingham purport[ed] to have annexed property in Blount County." 507 So.2d at 472. (The City of Birmingham was the only defendant; thus, Rule 82(c) was not invoked.) The City of Birmingham petitioned this Court for a writ of mandamus ordering the Blount Circuit Court to transfer the case to Jefferson County. In granting that relief, we held:
"Section 6-3-7 provides for venue of actions against corporations, stating in part that `a domestic corporation may be sued in any county in which it does business by agent.' The City of Birmingham is a public corporation, not a private one, and we question whether the legislature intended for this statute to apply to municipal corporations, which are subdivisions of the State. In a well-reasoned and often-cited opinion holding that such a general statute governing venue against corporations did not apply to public corporations, the Court of Appeals of Maryland stated:
"`The principle that is involved is that of inconvenience to the exercise of the sovereign authority delegated by the state to its municipal corporations, upon the ground that, if they are to be subjected to suit in any and every part of the state, such suits must inevitably hinder and delay the successful conduct of the funtions of government.'
"Phillips v. Mayor of Baltimore, 110 Md. 431, 438, 72 A. 902, 905 (1909).
"We agree with this reasoning....
Therefore, we hold that § 6-3-7 does not apply to municipal corporations.
". . . .

*1096 "On the basis of the above authorities, we hold that an action against a municipal corporation is a local action for which venue generally lies in the county which is the situs of the municipal corporation."
Ex parte City of Birmingham, 507 So.2d at 473-7. In the concluding paragraph of Chief Justice Torbert's concurring opinion in Ex parte City of Birmingham, he noted "that this opinion should not be construed to hold that a municipality can never be sued in any county other than where its seat of government is located. See Oklahoma City v. District Court, 429 P.2d 791 (Okla.1967)." 507 So.2d at 475.
We addressed a similar issue in Ex parte Shelby County, 516 So.2d 525 (Ala.1987). Shelby County filed suit in Shelby County Circuit Court against multiple defendants,[2] alleging that "the City of Birmingham's purported annexation of Shelby County territory, and the ordinances and exercise of municipal authority in conjunction therewith, [were] unlawful and invalid." 516 So.2d at 526. The trial court granted the defendants' motion to transfer the case to Jefferson County Circuit Court, and Shelby County filed with this Court a petition for a writ of mandamus directing the Shelby County Circuit Court to set aside its order transferring the case to Jefferson County. In granting the relief sought by Shelby County, we held that the collective effect of the provisions of §§ 6-3-2 and -7, and sections (b) and (c) of Rule 82, A.R.Civ.P., was to place proper venue of that action in Shelby County. Despite the fact that one of the multiple named defendants was a municipality (the City of Birmingham), we specifically held that "[i]f venue in a particular county is proper as to one defendant, then additional claims and parties may be joined as ancillary thereto. Rule 82(c), A.R.Civ.P." 516 So.2d at 526.
The focus, then, of § 6-3-7's provision for suits against corporations, even when interpreted in conjunction with Rule 82's provision for correct venue of all suits, is upon the defensive nature of the corporation as a party, except in cases involving personal injuries. So, too, is the focus of the amending provision of § 6-3-11, that deals with all actions filed against counties or municipalities. Indeed, in enacting this section to deal specifically with suits against municipal corporations, the legislature made only one substantive change from the provisions of § 6-3-7; that is, proper venue for actions against a county or a municipality, "for personal injury, death or property damage" is "in the county [sued] or in the county wherein the municipality [sued] is located or in the county in which the act or omission complained of occurred."
No further changes were made by the enactment of § 6-3-11, and, from our reading of the preamble to Acts 1987, No. 87-391 (the act that added § 6-3-11 to the Code), we find no intent on the part of the legislature to effect any change other than that noted above:

"AN ACT
"To establish the venue for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality."
There is no authority, either in the wording of this act or in Alabama precedent involving statutory interpretation, to support the City's contention that § 6-3-11 was intended to require trial courts to ignore the provisions of Rule 82, A.R.Civ.P. Pendent jurisdiction and venue were the law of Alabama for many years pre-dating the enactment of § 6-3-11; and Rule 82(c), A.R.Civ.P., merely constitutes a restatement of those long-standing principles of Alabama law. See Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980).
If the legislature had intended the drastic change in the law of jurisdiction and venue with regard to municipal corporations that the City urges, it certainly could *1097 have accomplished that purpose with additional language in the act. And, despite what the City contends is the "mandatory" language of § 6-3-11, this Court has long held that pendent venue applies when a domestic corporation is one of several defendants. Associated Grocers of Alabama v. Graves Co., 272 Ala. 158, 130 So.2d 17 (1961).
Further, we note that the City would have this Court order the trial court to transfer this action to the Madison Circuit Court against the will of the City's three co-defendantsproperly joined defendants for whom venue in Jefferson County is proper. This we will not do. The circuit court properly denied the transfer. Venue in Jefferson County is proper as to Mariner, Mariner/Huntsville, and Universal under § 6-3-7; therefore, venue in that county is proper as to the City under Rule 82, A.R.Civ.P. The city's petition for the writ of mandamus is due to be, and it is hereby, denied.
WRIT DENIED.
HORNSBY, C.J., and JONES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON, SHORES and HOUSTON, JJ., dissent.
HOUSTON, Justice (dissenting).
I respectfully dissent. All parties agree that the incident made the basis of this suit occurred after July 14, 1987, the effective date of Act No. 87-391, Ala. Acts 1987, (§ 1 of which is now Ala.Code 1975, § 6-3-11), which provides, in pertinent part, as follows:
"Section 1. The venue for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act of omission complained of occurred.

". . . .
"Section 3. All laws or parts of laws which conflict with this act are hereby repealed." (Emphasis supplied.)
To me, the Legislative intent is clear beyond question. All laws that make venue proper against municipalities for the kind of actions specified in Act No. 87-391 in any county other than the county in which the municipality is located or in which the act or omission complained of occurred are repealed. The City of Huntsville is located in Madison County. The act or omission complained of occurred in Madison County. This is a civil action for damages for personal injuries. The civil action was filed in Jefferson County, with the City of Huntsville as a defendant. Huntsville moved to abate or to transfer the civil action to the Circuit Court of Madison County. The trial court refused to do this. Huntsville petitioned this Court for the writ of mandamus directing the trial court to transfer this civil action to Madison County. For the reasons stated, the writ should be granted. Therefore, I dissent.
MADDOX, ALMON and SHORES, JJ., concur.
NOTES
[1] The parties agree that the incident giving rise to this lawsuit occurred after the effective date of § 6-3-11.
[2] The City of Birmingham, the mayor of the City of Birmingham, the city council of the City of Birmingham, the probate judge of Shelby County, the Waterworks Board of the City of Birmingham, United States Pipe and Foundry Company, Emory Realty Company, United States Steel Corporation, Child Mental Health Services, Inc., A.M. Harper, and Glenn Ireland III.