These petitions for a writ of mandamus seek an order requiring the respondent judge of the Walker County Circuit Court to transfer the actions at issue to the Winston County Circuit Court. Ten separate actions were brought on October 17, 1988, against Pickens Coal Company, Inc., for damages allegedly caused by Pickens Coal's blasting operations to the plaintiffs' real property. Pickens Coal is a domestic corporation. Although fictitiously named defendants are described in the complaints, Pickens Coal is the only properly named defendant.
Each of the ten complaints includes five counts, and the respective counts are the same in each of the ten complaints. Count one alleges that the blasting was done in a negligent or wanton manner; count two alleges that Pickens Coal is liable because blasting is an abnormally dangerous activity; count three alleges that Pickens Coal trespassed upon the plaintiffs' premises; count four alleges that Pickens Coal created a nuisance; and count five alleges that Pickens Coal was responsible for preventing or minimizing damage from its blasting but negligently failed to ascertain that the plaintiffs' homes were being damaged.
Alabama Code 1975, § 6-3-7, reads, in pertinent part:
 "A . . . domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Pickens Coal states that, because the plaintiffs' properties are in Winston County and the blasting took place there, it is true both that the "injuries" occurred in Winston County and that the plaintiffs reside there. Therefore, argues Pickens Coal, the proviso of § 6-3-7 applies and the action must be transferred.
This argument overlooks the fact that the actions are not for "personal injuries"; they are for damage to real property. None of the plaintiffs claims to have been physically injured by the blasting. The plaintiffs do claim damages for emotional distress caused by the disruption of their peace and security in their homes, but these damages are incidental to the damage to the real property and do not change the nature of the cause of action. Compare Alabama Youth Services Bd. v. Ellis,350 So.2d 405 (Ala. 1977), and Clark v. Sanders, 267 Ala. 674,103 So.2d 370 (1958), in which it was held that an incidental effect on real property did not change the nature of the cause of action.
Alabama Code 1975, § 6-3-2, provides for venue of actions against individuals. Part (a) distinguishes between actions for recovery of or trespass to lands, actions on *Page 962 
contracts, and "all other personal actions." Part (b) provides that equitable actions, of which the subject matter is land, must be brought where the land is located. Rule 82(b), Ala.R.Civ.P., resolves inconsistencies between § 6-3-2(a) and (b), providing in part that actions against resident individuals "[m]ust, if the subject matter of the action is real estate, . . . or if it is for . . . trespass thereto, be brought in the county where the real estate or a material portion thereof is situated." See, e.g., Ex parte Pratt,514 So.2d 947 (Ala. 1987); Ex parte Clardy, 460 So.2d 1273 (Ala. 1984).
Of course, those provisions apply only to actions against individuals. We cite them because they point out the omission from the proviso of § 6-3-7 of any reference to actions for trespass to land. Therefore, the general statement of § 6-3-7, i.e., that actions against a domestic corporation may be brought in any county in which it does business, applies.
Because venue of these actions is proper under § 6-3-7, the writ of mandamus is due to be denied.[1]
WRIT DENIED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] No issue has been made in the trial court or here as to the applicability of Ala. Code 1975, § 6-3-21.1.