STEAGALL, Justice.
The plaintiff, Marvin B. Nunnelee, as administrator of the estates of Ricky Allen Shoemake, deceased, and Edith Nunnelee Shoemake, deceased, seeks a writ of mandamus directed to the Honorable Fred Folsom, Circuit Judge, Cullman County, Alabama, compelling him to set aside his order granting the motion of the defendants, the City of Decatur, Noel Mayfield, Jacky Sherrill, and Jerry Hale, to transfer the plaintiff’s wrongful death suit from Cull-man County to Morgan County. The trial court’s order was based upon Ala.Code *443 1975, §§ 6-3-2 and 6-3-11, and A.R.Civ.P., Rule 82(d).
This case concerns a fatal automobile accident that occurred in Cullman County on Interstate Highway 65. Ricky Allen Shoemake and his wife, Edith, were killed in an automobile accident allegedly caused by a drunk driver, Willie Joe Robinson. This wrongful death suit against the City of Decatur and three of its police officers centers on evidence that approximately 80 minutes before the fatal accident, Robinson was stopped in Morgan County for “erratic and dangerous driving,” and on a claim that the investigating officers acted “negligently and/or wantonly” in failing to arrest Robinson or to discover that he was intoxicated. Thus, this question arises: Is venue proper in Cullman County, where the deaths of the Shoemakes occurred, or is it proper in Morgan County, where the alleged act or omission by the officers occurred?
Ala.Code 1975, § 6-3-11, provides, in pertinent part, as follows:
“The venue for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.”
However, when a lawsuit involves a county or a municipality as a defendant and also involves one or more other defendants, the matter of venue is not to be determined solely by the terms of § 6-3-11, but must be determined by reference also to Rule 82, A.R.Civ.P. Ex parte City of Huntsville, 541 So.2d 1094 (Ala.1989). Rule 82(b)(1)(A) provides, in pertinent part, as follows:
“[Actions against resident individuals] [m]ust be brought in the county where the defendant or any material defendant resides at the commencement of the action, except that if the action is a personal action other than an action on a contract, it may be brought either in the county where the act or omission complained of occurred, or in the county of the permanent residence of the defendant or one of them.”
In addition, Ala.Code 1975, § 6-3-2(a)(3), provides:
“All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.”
Defendants Mayfield, Sherrill, and Hale all reside in Morgan County, and the City of Decatur is located there. The “act or omission” complained of occurred in Morgan County. The wrongful death action is a “civil action” for “damages” for “death.” The civil action was filed in Cull-man County, with the City of Decatur as an original defendant. All of the defendants moved to dismiss or to transfer the civil action to the Circuit Court of Morgan County. The trial court granted the defendants’ motion to transfer. Pursuant to § 6-3-11, as well as § 6-3-2 and Rule 82, A.R.Civ.P., the trial court’s motion to transfer was correct.
It is important to note that our decision here does not conflict with our decision in Ex parte Setser, 541 So.2d 1097 (Ala.1989). In Setser, the original defendant resided in a county other than that of the added defendant, a municipality. Thus, the application of Rule 82(b)(1)(A) and Rule 82(c), A.R. Civ.P., produced a different result, despite § 6-3-11.
Nunnelee’s petition for the writ of mandamus is due to be, and it is hereby, denied.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.
HOUSTON, J., concurs specially.
ADAMS, J., dissents.