KENNEDY, Justice.
The City of Fayette seeks a writ of mandamus ordering the Circuit Court of Franklin County to transfer a case to the Circuit Court of Fayette County.
Louise Maddox, a resident of Fayette County, was struck by an automobile on October 30, 1991, in Fayette County. The driver of the automobile, Glenda Cooper Wilson, was also a resident of Fayette County. Maddox sued the City of Fayette and Alabama Power Company, alleging that they had failed to properly maintain the caution light located at the intersection where she was struck. Maddox also sued Auto Owners Insurance Company (“Auto Owners”), claiming underinsured/unin-sured motorist insurance benefits under a policy Auto Owners had issued to her.
*1033 Maddox sued all of these defendants in one action, which she filed in Franklin County. The defendants moved to transfer the case. The Circuit Court of Franklin County denied the motion.
The parties stipulated to the following facts:
1. The defendant Glenda Cooper Wilson is a resident of Fayette County, Alabama.
2. The act or omission complained of occurred in the City of Fayette, Fayette County, Alabama.
3. The plaintiff is a resident of Fayette County.
4. Alabama Power Company has offices in Fayette County and does business in Fayette County.
5. Alabama Power Company has offices in Franklin County and does business in Franklin County.
6. Auto Owners does business in Franklin County.
The question in this case is whether venue was proper in Franklin County, where two of the defendants were “doing business,” or whether the case must be tried in Fayette County, where the alleged act occurred.
The scope of review of a venue determination is whether the trial court has abused its discretion, i.e., whether it has exercised its discretion in an arbitrary and capricious manner. Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235 (Ala.1983). The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer a case, a writ of mandamus will not be issued except upon a clear showing of error on the part of the trial judge. Hopkins v. Finance Am. Corp., 507 So.2d 458 (Ala.1987). Section 6-3-11, Ala.Code 1975, provides:
“The venue for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.”
Construing that section, this Court has written:
“However, when a lawsuit involves a county or a municipality as a defendant and also involves one or more other defendants, the matter of venue is not to be determined solely by the terms of § 6-3-11, but must be determined by reference also to Rule 82, A.R.CÍV.P. Ex parte City of Huntsville, 541 So.2d 1094 (Ala. 1989).”
Ex parte Nunnelee, 582 So.2d 442, 443 (Ala.1991).
Rule 82(c) provides:
“Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
Section 6-3-5(a) provides:
“Any person, firm or corporation that issues policies or certificates of insurance of any kind shall be subject to a civil action on any such policy or certificate in the county where the holder of the policy or certificate resides, and the summons may be executed by serving a copy of the summons and complaint upon any officer or agent of the insurer; provided, however, that an action against a foreign insurance corporation shall be commenced only in a county where it does business.”
(Emphasis added.)
It is clear that as to Auto Owners venue was proper in Franklin County. Auto Owners is a foreign corporation and, the parties stipulated, it does business in Franklin County. Because Franklin County was a proper venue as to that defendant, it was also, under Rule 82, A.R.Civ.P., a proper venue as to the other defendants.
The City also argues that this Court should look to the “overall conve *1034 nience of the parties and witnesses” in order to determine proper venue. Although § 6-3-21.1 has not been cited or discussed by the City, that section adopts the doctrine of forum non conveniens; that section provides that any court with jurisdiction “shall, for the convenience of parties ... or in the interest of justice,” transfer a civil case to any court in which the action might have been properly filed. The party requesting a transfer under § 6-3-21.1 has the burden of proving that the transferee forum is significantly more convenient that the forum where the action was filed. Ex parte Townsend, 589 So.2d 711 (Ala.1991). Transfer under this section is a matter within the discretion of the trial judge. Ex parte Canady, 563 So.2d 1024 (Ala.1990).
The record indicates that the City did not argue for a transfer under the doctrine of forum non conveniens. Therefore, we cannot say that the trial court abused its discretion in not transferring on the basis of that doctrine.
Based on the foregoing, we deny the petition for writ of mandamus.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.