HOUSTON, Justice.
The defendants, Alabama Power Company, Avondale Mills, Ine., Russell Corporation, Russell Lands, Inc., and the City of Alexander City, petition this Court for a writ of mandamus directing Judge William J. Wynn to transfer this action from the Circuit Court of Jefferson County to the Circuit Court of Tallapoosa County.
A petition for a writ of mandamus is the appropriate means for challenging a trial court’s refusal to transfer an action and such a petition is due to be granted if the petitioner makes a clear showing of error on the part of the trial court. See Ex parte Ralston, 519 So.2d 488 (Ala.1987); Ex parte Finance America Corp., 507 So.2d 458 (Ala. 1987). The burden of proving a duty to transfer is on the party raising the issue. Id.
The plaintiffs, Joe Sullivan and Darnell Sullivan, owners of property fronting Lake Martin in Tallapoosa County, sued the defendants in Jefferson County, alleging trespass and nuisance. Their complaint alleged:
“The defendant [Alabama Power Company] had a duty to maintain the property under [its] ownership or control, including the waters of Lake Martin and inundated land, in a manner so as not to interfere with the use and peaceable possession of [the Sullivans’] property. [Alabama Power Company] breached said duty by negligently and/or wantonly permitting the discharge of hazardous wastes, sewage sludge, and other [contaminants] into the Lake, and by allowing said [contaminants] to accumulate in the Lake in the area of the [Sullivans’] residence, and on the property under the control of [Alabama Power Company].
“... [T]he acts and omissions of [defendant Alabama Power Company] have created a nuisance and constitute a trespass[, causing the Sullivans] to suffer damages, including diminution in the value of their property, mental anguish, and other pecuniary losses.
“The defendants [Russell Corporation, Russell Lands, Avondale Mills, and Alexander City] have negligently and/or wantonly caused and permitted the discharge and disposal of sewage sludge and [contaminants] into the Lake in the area of the [Sullivans’] residence^ which] acts and conduct ... have wrongfully interfered with the [Sullivans’] right to the peaceable use and possession of their property and have resulted in the diminution in value of [the Sullivans’] property, caused them mental anguish, and other pecuniary loss.”
The defendants moved to dismiss or, in the alternative, to transfer the action to Talla-poosa County. The trial court denied the motion, stating, in part:
“It is determined that, notwithstanding counts and claims against sundry eo-defen-dants, and for sundry torts, ... the gravamen of the action sounds in trespass.... Hence, the controlling case law is contained in Ex parte Pickens Coal Co., Inc., 544 So.2d 960 (Ala.1989).”
As to the defendants Russell Lands, Russell Corporation, Avondale Mills, and Alabama Power Company, which are domestic corporations doing business in Tallapoosa County, where the injury occurred and where the Sullivans reside, venue is governed by Ala.Code 1975, § 6-3-7:
“[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.”
*923 These defendants maintain that because the Sullivans’ cause of action is, ‘⅝ least in part,” based on personal injury (mental anguish), the proviso of § 6-3-7 applies, and, therefore, that “venue is proper only in Tal-lapoosa County.” We disagree.
Damages for personal injury that are incidental to damage to real property do not change the nature of the cause of action. Ex parte Pickens Coal Co., 544 So.2d 960 (Ala. 1989).
In this case, because the trial court could have determined from the complaint that the Sullivans’ claims against these defendants were primarily claims alleging property damage (damage to, and interference with the use and enjoyment of, their property) and only incidentally for personal injury (mental anguish) alleged to have occurred as a result of the damage to and interference with the enjoyment of their property, the nature of the Sullivans’ cause of action did not change. Venue was proper in Jefferson County as to Russell Lands, Russell Mills, Avondale Mills, and Alabama Power Company.
The defendants also maintained that this action should have been transferred to Tallapoosa County because the defendant Alexander City is a municipal corporation; they argue that, pursuant to Ala.Code 1975, § 6-3-11, venue is proper only in Tallapoosa County, where Alexander City is located and where the alleged act or omission occurred. According to the defendants, the trial court, to support its refusal to transfer, relied on Ex parte City of Huntsville, 541 So.2d 1094 (Ala.1987), Ex parte Setser, 541 So.2d 1097 (Ala.1987), and Ex parte Nunnelee, 582 So.2d 442 (Ala.1991), for the proposition that the mandatory language of § 6-3-11 is subject to the Rule 82(c), Ala.R.Civ.P., provision that where several claims or parties are joined, the action may be brought in any county in which any one of the claims could properly have been brought.
The defendants, however, maintain that Ex parte City of Huntsville, supra (which was a 5-4 decision — Hornsby, C.J., and Jones, Adams, Steagall, and Kennedy, JJ., concurring; Maddox, Almon, Shores, and Houston, JJ., dissenting), and its progeny were wrongfully decided and should be revisited. They argue that the Ex parte City of Huntsville holding should be overruled, so that the application of § 6-3-11 can be made consistent with what the defendants say are its unambiguous meaning and its legislative history.
Section 6-3-11 reads as follows:
“The venue for all civil actions for damages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.”
(Emphasis added.)
Before the enactment of § 6-3-11 in 1987, venue of actions against municipalities and domestic and foreign corporations was controlled by § 6-3-7. However, in Ex parte City of Birmingham, 507 So.2d 471, 473 (Ala. 1987), the Court held that § 6-3-7 did not apply to municipalities and that an action against a municipality generally lies in the county wherein the municipality is located. The Court based its holding on the following reasoning of the Maryland Court of Appeals in Phillips v. City of Baltimore, 110 Md. 431, 438, 72 A. 902, 905 (1909):
“ ‘The principle that is involved is that of inconvenience to the exercise of the sovereign authority delegated by the state to its municipal corporations, upon the ground that, if they are to be subjected to suit in any and every part of the state, such suits must inevitably hinder and delay the successful conduct of the functions of government.’ ”
507 So.2d at 473 (quoting Phillips).
After the Court’s holding in Ex parte City of Birmingham, the legislature, exercising its constitutional power under Amendment 328, § 6.11, Constitution of 1901 (stating that the rules made and promulgated by the Supreme Court “governing the administration of all courts and rules governing practice and procedure in all courts ... may be changed by general act of statewide application”), enacted Act No. 87-391, Ala.Acts 1987 (§ 1 of which is now Ala.Code 1975, § 6-3-11); that act provides, in part, as follows:
*924 “Section 1. The venue for all civil actions for damages for personal injury, death or property damage filed against a county or against a municipality shall be in the county or in the county within which the municipality is located or in the county in which the act or omission complained of occurred.
“Section 3. All laws or parts of laws which conflict with this act are hereby repealed.”
(Emphasis added.)
The legislative intent is clear — “all” laws making venue in actions against municipalities for the kinds of actions specified in § 6-3-11 proper in any county other than the county in which the municipality is located or the county in which the act or omission complained of occurred were repealed. Thus, in enacting Act No. 87-391, a general act of statewide application, the legislature established as the rule of law relating to venue for municipalities the provision now appearing at § 6-3-11; that action effectively prevented the application of the venue provision of Rule 82(c) to claims against municipalities, because that rule clearly conflicts with the legislative mandate of § 6-3-11.
The majority in City of Huntsville, supra, incorrectly held that the provision of § 6-3-11 for actions against municipal corporations was to be interpreted in conjunction with, and with reference to, the provisions of Rule 82 for venue of all actions; the majority ignored the clear language of the statute. Therefore, to the extent that Ex parte City of Huntsville, supra, and its progeny, including Ex parte Setser, supra; Ex parte Nunnelee, supra; and Ex parte City of Fayette, 611 So.2d 1032 (AIa.1992), are inconsistent with the holding in this case, they are overruled.
In relying on Ex parte City of Huntsville and its progeny to deny the transfer, the trial court correctly applied the existing law as to venue for an action against a municipality joined with other defendants. Nevertheless, because the defendant Alexander City has a clear legal right to have the Sullivans’ claim against it transferred to Tallapoosa County, we issue the writ as to Alexander City.
Based on the foregoing, venue as to the defendant Alexander City is proper only in Tallapoosa County. Because Alexander City is one of several named defendants, a severance or a transfer of the claims against the municipality may be necessary unless the Sullivans dismiss it as a defendant. See, e.g., Committee Comments to Rule 82(c), noting that this subdivision of the rule cannot be applied in an action against a foreign corporation so as to violate § 232, Constitution of Alabama 1901, and that transfer and severance may be necessary with respect to the foreign corporation.
We note the defendants’ argument that “if the Court declines to interpret § 6-3-11 so as to require transfer, application of Ala.Code 1976, § 6-3-2(a)(l), requires that this case proceed in Tallapoosa County.” We find that argument to be without merit.
Section 6-3-2(a) does not apply to actions against domestic corporations, see Ex parte Pickens, supra. In addition, because of our holding that § 6-3-11 requires a transfer of the claims against Alexander City to Talla-poosa County, no further discussion is necessary.
The defendants also maintain that the principle of forum non conveniens, Ala.Code 1975, § 6-3-21.1, should be applied here. They say that the ties to the Sullivans’ choice of forum are minimal at best (Alabama Power Company’s corporate headquarters are located in Jefferson County) and that the entire case is based upon conduct and injury alleged to have occurred in Tallapoosa County; therefore, they say the convenience of the parties and witnesses must be deemed to outweigh the Sullivans’ right to their choice of forum.
“Essentially, the doctrine of forum non conveniens allows a court that has jurisdiction and that is located where venue is proper to refuse to exercise its jurisdiction when, for the convenience of the parties and witnesses, and in the interests of justice and judicial economy, the case could be more appropriately tried in another forum. The prevailing question of whether a case should be entertained or dismissed depends upon the facts of the particular *925 case and is addressed to the sound discretion of the trial judge. In determining whether to exercise or decline to exercise jurisdiction, the trial judge should consider the location where the acts giving rise to the action occurred, the relative ease of access to sources of proof, the location of the evidence, the availability of compulsory process for the attendance of unwilling witnesses, the cost of obtaining the attendance of willing witnesses, the possibility of a view of the premises, if a view would be appropriate to the action, and any other matter in order to assess the degree of actual difficulty and hardship that would result to the defendant in litigating the case in the forum chosen by the plaintiff. If, with an eye toward the goal of achieving a fair trial and after weighing all of the pertinent factors, the judge finds that the balance is strongly in favor of the defendant, he may decline to exercise jurisdiction and dismiss the complaint. Ex parte Southern Ry., 556 So.2d 1082 (Ala. 1989); Ex parte Auto-Owners Ins. Co., [548 So.2d 1029 (Ala.1989) ].”
(Emphasis added.) Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488-89 (Ala.1990).
The record indicates that in attempting to prove that the inconvenience and the expense of defending the action in Jefferson County outweighed the Sullivans’ right to their choice of forum, see Ex parte Newell, 569 So.2d 725 (Ala.1990), Russell Mills submitted an affidavit stating that, insofar as its employees were concerned, persons knowledgeable would be located in Tallapoosa County. Other than that affidavit, the defendants presented no evidence other than mere bare allegations as to the inconvenience and expense of litigating in Jefferson County; i.e., they failed to identify witnesses who would be inconvenienced or to establish whether any witnesses would be subject to subpoena or whether or why litigating in Jefferson County would be vexatious or oppressive; failed to show the location of the evidence; and failed to indicate that they would request a view of the premises or to show that such a view would not be possible if the trial were held in Jefferson County.
Without more, we cannot say that the trial court abused its discretion in refusing to transfer the action to Tallapoosa County based on the doctrine of forum non conve-niens.
WRIT GRANTED IN PART; DENIED IN PART.
MADDOX, ALMON and SHORES, JJ., concur.
HORNSBY, C.J, and INGRAM, J.,. recused.