James **TOLBERT**, Plaintiff,

v.

**UNITED INSURANCE COMPANY OF AMERICA, et al.,** Defendants.

Civ. A. No. 93–D–1086–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 1, 1994.

---

Allen W. Howell, Shinbaum & Howell, Montgomery, AL, and Fred David Gray, Jr., Gray, Langford, Sapp, McGowan, Gray & Nathanson, Tuskegee, AL, for plaintiff.

Warren B. Lightfoot, Sarah B. Jackson, Mac M. Moorer, Lightfoot, Franklin, White & Lucas, Birmingham, AL, and James H. Anderson, Beers, Anderson, Jackson & Smith, P.C., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on plaintiff James Tolbert's motion to remand, filed September 9, 1993. Defendants filed their response on September 21, 1993. Both the plaintiff and the defendants supplemented their briefs on November 1, 1993, and November 12, 1993, respectively. After careful consideration of the parties' briefs, the court finds that plaintiff's motion to remand is due to be granted.

### Facts

Complete diversity would exist in this matter except for the presence of one defendant, George McDonald, a resident of Alabama. The defendants removed this action to this court on the assertion that McDonald had been fraudulently joined and that his citizenship should be disregarded for purposes of jurisdiction. Plaintiff filed a motion to remand contending that McDonald was not fraudulently joined and that the complaint states a valid cause of action against him.

Plaintiff James Tolbert was employed by the defendants, Union National Life Insurance Company and Union National Fire Insurance Company (collectively referred to as "Union"), as an insurance agent. During his employment with Union, Tolbert was quite successful as an agent. He set a sales record for Union which entitled him to a paid vacation to Hawaii, and he earned over five thousand dollars in commission reserves. On June 30, 1991, Union was acquired by the defendants, United Insurance Company of America and United Casualty Insurance Company of America (collectively referred to as "United"). Tolbert alleges that defendant George McDonald, Regional Manager of United for the State of Alabama, and others employed by United fraudulently induced Tolbert "into accepting employment with United ... by representing to Tolbert that he would be taken care of and protected as to his previously earned reserves, bonuses and awards." [Pl.'s Compl. at 2]. Plaintiff asserts that these representations were false in that the "Defendants had at the time a plan or design to lapse as many Union policies as possible ..., and replace them with policies written by United ..., and to charge Tolbert's and other agent's commission reserve accounts for these unilateral actions." [*Id.* at 2]. Tolbert contends that he detrimentally relied on these misrepresentations and as a result lost over five thousand dollars in commission reserves and bonuses, and lost his Hawaiian vacation.

### Fraudulent Joinder

The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the state of the forum, joins a resident citizen defendant with a nonresident defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times,* 308 F.2d 474, 477 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming.

*Parks,* 308 F.2d at 478.

■ The district court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983). **If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court.** *Coker,* 709 F.2d at 1440 (citing *Parks,* 308 F.2d at 477–78) (emphasis added). "The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Company,* 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker,* 709 F.2d at 1440).

### Discussion

■ The defendants, first, argue that the plaintiff's complaint states no cause of action against McDonald since Tolbert suffered no actionable injury as a result of the alleged misrepresentation because he is an employee at will. More specifically, the defendants contend that, assuming McDonald did make the misrepresentations, "the promise could have created, at best, only an 'at will' employment relationship between United and the plaintiff." [Defs.' Br. in Opp'n to Mot. to Remand at 4]. Therefore, since an employer can terminate an employee for a good reason, a bad reason, or for no reason at all, plaintiff has suffered no actionable injury which would support his fraud claim. *See Salter v. Alfa Ins. Co.,* 561 So.2d 1050 (Ala.1990). The defendants rely heavily on *Salter.*

In *Salter,* an employee brought a breach of contract and fraud action against her employer claiming she had been wrongfully terminated. Salter alleged that she had been told by a representative of Alfa that she did not have to participate in an investigation of a policyholder's claim. Alfa then fired her citing as one of its reasons that Salter failed to investigate the policyholder's claim. The court dismissed her breach of contract count finding that the plaintiff was an at-will employee. The court also dismissed her fraud count stating that because she was an at-will employee, and could be fired for any reason, even a malicious one, she suffered no injury that would support her fraud count. *Salter,* 561 So.2d at 1053–1054.

However, *Salter* can be distinguished from the instant matter by considering two other recent cases, *Smith v. Reynolds Metals Company,* 497 So.2d 93 (Ala.1986), and *Forbus v. Sears Roebuck & Company,* 958 F.2d 1036 (11th Cir.), *cert. denied,* ——— U.S. ———, 113 S.Ct. 412, 121 L.Ed.2d 336 (1992). In *Smith,* a discharged summer employee brought a breach of contract and fraud action against her former employer. The court dismissed Smith's breach of contract action finding that she was an at-will employee. However, the court let stand her fraud action.

In that case, the defendant corporation operated four plants in the Birmingham area. The defendant only hired college students as summer employees whose parents worked for the company. Specifically, the company's policy was that the parent had to work at the particular plant in which the student sought employment. Smith's father worked at the Reclamation Plant. Smith applied for and was hired for a summer employment position at Reynolds's Alloys Plant. After discovering that her father did not work at the Alloys Plant, the plaintiff was fired.

In letting stand plaintiff's fraud action, the court found that all the requirements of fraud were met. Smith asserted that the defendant misrepresented to her that a qualification for the job was that a parent must work for "Reynolds" and that she was told by letter she was qualified for the job. The court held that, even though the representation was an innocent mistake, it was still false, and the plaintiff detrimentally relied on it. Therefore, the court found that Smith

had stated a valid fraud action. *Smith*, 497 So.2d at 95.

In *Forbus*, the Eleventh Circuit discussed *Smith*. In explaining the holding in *Smith*, the court stated that the misrepresentation by the company

· [was] made to the plaintiff about her employment status, i.e., that she was not hired as an employee at will, but one employed for the specified term of a summer. The court held that this claim was not an attempt to get around the bar of suit on the basis of termination of employment status, but rather, was a claim that the plaintiff was fraudulently misled into believing that she would not be an employee at will. This is a collateral matter....

*Forbus*, 958 F.2d at 1042.[1] Therefore, the law that has emerged from these cases is that even if the plaintiff is an employee at will, fraud claims will lie if they involve matters which are collateral to the employee's status.

■ In applying this reasoning to the instant matter, the court finds that a state court could find the plaintiff's fraud count is a collateral matter to his employment-at-will status. Plaintiff's complaint alleges that Tolbert was fraudulent induced into accepting employment with the defendants in that George McDonald and others misrepresented that plaintiff's earned reserves, bonuses, and vacations were protected. Clearly, a state court could find that the plaintiff has suffered actionable injury in that these misrepresentations were collateral to his status as an employee at will.

■ Defendant, next, argues that George McDonald cannot be held individually liable, solely by reason of his position, for wrongs committed by his employer United. "In Alabama, the general rule is that officers and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex Parte Charles Bell Pontiac–Buick–Cadillac–GMC, Inc.*, 496 So.2d 774, 775 (Ala.1986).

It is thoroughly well settled that a man is personally liable for all torts committed by him, consisting in misfeasance ... notwithstanding he may have acted as the agent or under the directions of another. And this is true to the full extent as to torts committed by the officers or agents of a corporation in the management of its affairs. The fact that the circumstances are such as to render the corporation liable is altogether immaterial ... Corporate officers are liable for their torts, although committed when acting officially.

*Crigler v. Salac*, 438 So.2d 1375, 1380 (Ala. 1983).

In the complaint, Tolbert alleges that McDonald and others represented to him that his earned reserves and other benefits would be protected. He alleges that the representations were false in that he lost his earned reserves when the defendants replaced Union policies with United policies and, then, charged these actions against Tolbert's reserve accounts. Tolbert has clearly alleged in his complaint that defendant George McDonald personally participated in the fraud. Thus, the complaint states a cause of action against McDonald individually and, therefore, the court finds that McDonald has not been fraudulently joined.

Accordingly, it is CONSIDERED and ORDERED that the plaintiff's motion to remand be and same is hereby GRANTED. The case is hereby REMANDED to the Circuit Court of Macon County, Alabama. The clerk is directed to effectuate said remand.

---

1. In *Forbus*, the court made a specific finding that *Salter* was not applicable to the plaintiff's fraud counts stating that the "employment at will doctrine does not control the fraud claims...." *Forbus*, 958 F.2d at 1042.