# McDonnell *v.* Farrow.

*Petition to Vacate Appointment of Administrator.*

[Decided Dec. 17th, 1901.]

1. *Jurisdiction of courts; court first acquiring jurisdiction.*—The court first assuming jurisdiction of a cause, the subject matter being within the competency of such court, must be allowed to pursue and exercise its jurisdiction to the exclusion of all co-ordinate tribunals.

2. *Jurisdiction of probate courts in granting letters of administration; conflict of jurisdicton between courts of two countes.*—Where the probate court of one county has assumed jurisdiction of an estate, upon petition filed therein for the probate of a will, reciting the place of residence of the alleged testator as being in that county and containing other jurisdictional averments, and has appointed a special administrator of such estate to act pending a contest of the probate of the will,—an appointment of an administrator of said estate by the probate court of another county, on petition filed therein while the proceedings in the other court are pending, will be vacated and set aside: the court first acquiring jurisdiction being entitled to retain it to the exclusion of the other court.

APPEAL from Marshall Probate Court.
Heard before Hon. A. M. AYERS.
The opinion sufficiently shows the facts.

WM. RICHARDSON and JOHN A. LUSK, for appellant, cited 2 Brick. Dig., p. 157, § 18; 11 Ency. Pl. & Pr., p. 153; 6 Am. & Eng. Ency. Law (2d ed.), 202; *Napier v. Foster,* 73 Ala. 596; *Harmon v. McRae,* 91 Ala. 409; *Ihelheimer v. Chapman,* 32 Ala. 676; *Coltart v. Allen,* 40 Ala. 155; *Beasly v. Howell,* 117 Ala. 449; *Kling v. Connell,* 105 Ala. 590.

O. D. STREET, R. N. BELL and H. K. WHITE, for appellee, cited *Eaton v. Patterson,* 2 Stew. & Port. 17;

12 Ency. Pl. & Pr., 153; *Hall v. Holcomb*, 26 Ala. 720; 1 Ency. Pl. & Pr., 758; Code, § 62; 77 Ala. 323; 79 Ala. 506; 110 Ala. 605; *Rood v. Eslava*, 17 Ala. 430; *Foster v. Napier*, 73 Ala. 603; 114 Ala. 676.

McCLELLAN, C. J.—The petition for the probate of the will of Miss Fennell filed in the probate court of Madison county, alleged that the testatrix at the time of her death was an inhabitant of said county. This averment was necessary under the statute to impart regularity to the proceeding to probate the will in that court.—Code, § 4273. The habitat so laid was an issuable fact the determination of which by that court will be conclusive. The alleged will being contested, the Madison probate court appointed a special administrator pending the contest. This was authorized by the statute.—Code, § 62. The probate court of Madison thus assumed jurisdiction of the estate. It had the clear right and power upon the propounding of the will and the institution of a contest thereof, to proceed to hear and determine that contest, conserving the estate by the appointment of a special administrator *ad interim;* and upon its determining, as it has the jurisdiction to determine, that the testatrix was an inhabitant of that county, and that the paper propounded for probate is her last will and testament, its further exclusive power and duty is to issue letters testamentary upon said estate.—Code, § 45. Pending this status of proceeding and of the estate in the probate court of *Madison* county, one Elrod, claiming to be a creditor of the estate, filed a petition in the probate court of *Marshall* county alleging that at the time of her death Miss Fennell was an inhabitant of that county, and praying for the appointment of an administrator of her estate. His petition was granted, and Farrow, the appellee, was appointed and qualified. The present proceding is a *direct,* not collateral, assault upon the validity of the appointment of and granting of letters to Farrow, a petition in the Marshall probate court to vacate and annul his appointment and letters. The petition was denied by the Marshall probate court. In

our opinion it should have been granted. The validity of Farrow's appointment depends upon a fact, the habitancy of Miss Fennell in Marshall county, which is involved in the proceeding in the probate court of Madison county, which that court first acquired jurisdiction to determine for all the purposes of administration, and which it is entirely competent to conclusively determine had no existence at all. Suppose it does so determine, what will be or may be the consequences? There will be two administrators upon the estate, one in the probate court of Madison and the other in the probate court of Marshall, and each court will be in the attitude of denying all jurisdiction in the other and treating the proceedings of the other as void. One may administer the estate as that of an intestate. The other may establish the will, and administer the estate accordingly, etc., etc. These suggested possibilities demonstrate the legal impossibility of such a situation, and the absolute necessity for applying to such a case the rule that the court first asuming jurisdiction of a cause, the subject matter being within the general competency of such court, must be allowed to pursue and exercise its jurisdiction to the exclusion of all co-ordinate tribunals.—*Beasley et al. v. Howell, Admr.,* 117 Ala. 499.

Upon the foregoing considerations, our conclusion is that the probate court erred in denying the petition of Mrs. McDonnell for the annulment of Farrow's appointment as administrator of Miss Fennell's estate and the cancellation and revocation of the letters of administration issued to him. The judgment of that court will be reversed and a judgment will be here rendered, granting the prayer of said petition.

Reversed and rendered.