**Charles G. BLACK, Trustee in Bankruptcy for the Butler-Foster Milling Company, a Missouri Corporation, Petitioner,**

v.

**Marion S. BOYD, United States District Judge for the Western District of Tennessee, Respondent.**

**No. 13488.**

United States Court of Appeals
Sixth Circuit.

Feb. 6, 1958.

John R. Gilliland, Walter P. Armstrong, Jr., Memphis, Tenn., for petitioner.

Edward P. Russell, Memphis, Tenn., for respondent.

Before ALLEN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

The application of Charles G. Black, trustee in Bankruptcy for the Butler-Foster Milling Company, for leave to file petition for writ of mandamus to the Honorable Marion S. Boyd, Judge of the United States District Court for the Western District of Tennessee, has been considered by the Court on the briefs of the respective parties, and on argument of counsel for the petitioner.

The factual background of this litigation is set out in Black v. Boyd, 6 Cir., 248 F.2d 156. The petition for the writ asks that an order be issued directed to the District Judge requiring him to show cause why the order entered by him on

December 27, 1957, in Continental Grain Corporation, Plaintiff, v. The First National Bank of Memphis, Tennessee, and Charles G. Black, Trustee in Bankruptcy for the Butler-Foster Milling Company, Defendants, No. 2861 Civil, pending in said Court, should not be set aside insofar as it orders the trial and determination of the equitable issues embraced in said suit by the Court sitting without a jury prior to the submission of the legal issues embraced in the cross-claim of Charles G. Black, trustee, against The First National Bank of Memphis, Tennessee, to a jury, and that a writ of mandamus issue directing the District Judge to take such action or certain alternative action therein set out.

■■■■ The Court is of the opinion that the order of December 27, 1957, was one within the discretion of the District Judge. Rule 42(b), Rules of Civil Procedure, 28 U.S.C.A.; Big Cola Corporation v. World Bottling Co., 6 Cir., 134 F. 2d 718, 723. Although the writ of mandamus is available to require a court to make a ruling, it will not issue for the purpose of directing the Court to rule in a specific way. Jewell v. Davies, 6 Cir., 192 F.2d 670, 673. If the District Court has misconstrued our prior directive in Black v. Boyd, supra, 248 F.2d 156, any error can be corrected by an appeal from the final judgment, if and when one should be entered adverse to the petitioner. Walker v. Brooks, 6 Cir., 251 F. 2d 555. The circumstances are not such as to justify the use of the writ of mandamus as a substitute for an appeal. Massey-Harris-Ferguson, Limited, v. Boyd, 6 Cir., 242 F.2d 800, 803, certiorari denied, 355 U.S. 806, 78 S.Ct. 48, 2 L.Ed. 50.

It is ordered that the application for leave to file the petition for writ of mandamus be and is denied.