309 So.2d 94

**Betty Gay ORTON**

v.

*Helen Gay* **CHEATHAM et al.**

**SC 889.**

Supreme Court of Alabama.

Feb. 27, 1975.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Edward L. Hopper, Huntsville, for appellees.

SHORES, Justice.

Mrs. Lonia Violet Gay died in Houston, Texas, on May 14, 1973. She left surviving her three children, Helen Gay Cheatham, Betty Gay Orton, and Truman Gay.

On May 22, 1973, Betty Gay Orton filed a petition to probate a will of Mrs. Gay in the Probate Court of Jefferson County, Alabama, which petition alleged that, at the time of the death of Mrs. Gay, she was an inhabitant of Jefferson County, Alabama.

To this petition, Helen Gay Cheatham filed a plea in abatement contending that the Probate Court of Jefferson County lacked jurisdiction to probate the will of Mrs. Gay, in that the decedent was an inhabitant of Madison County, Alabama, at the time of her death; and that, therefore, Madison County had jurisdiction and Jefferson County did not.

A hearing was held on this plea, testimony taken, and a decree entered August 9, 1973, by the Probate Court of Jefferson County, specifically finding "That Lonia Violet Gay was an inhabitant of Jefferson County, Alabama, within the meaning of Title 61, Section 35, Code of Alabama 1940 (Recompiled 1958), at the time of her death on May 14, 1973."

The plea in abatement of Helen Gay Cheatham was, by that decree, overruled and denied.

No effort to review or set aside this finding was made.

In the meantime, before the decree was entered in the Probate Court of Jefferson County overruling the plea in abatement and finding that the decedent was a resident of Jefferson County at the time of her death, Truman Gay filed a petition to probate another will of Mrs. Gay in the Probate Court of Madison County. This petition was filed June 20, 1973.

On September 11, 1973 (more than thirty days after the decree was entered by the Probate Court of Jefferson County), Mrs. Cheatham (plaintiff in the case before us and hereinafter referred to as "plaintiff") filed a petition to remove the administration of the estate to the Circuit Court of Madison County. This petition was amended October 12, 1973, to add the Probate Judge of Madison County as a party complainant, and alleged that the will which had been offered for probate in Jefferson County by Betty Gay Orton had been revoked by the will offered for probate in Madison County. It was further alleged that Madison County had exclusive jurisdiction to probate the last will of Lonia Violet Gay, in that prior to her death she had fixed her domicile as Huntsville, Madison County, Alabama.

The complaint filed by Mrs. Cheatham in the Circuit Court of Madison County averred that an actual controversy existed between the complainants (Mrs. Cheatham and the Probate Judge) and Betty Gay Orton as to whether the Probate Court of Madison County or Jefferson County was the proper jurisdiction for probating the last will of the decedent, and that the complainants had no other adequate remedy to resolve the issue "because the Probate Court of Jefferson County, Alabama, may act to probate a revoked will . . .

thus acting without proper jurisdiction . . ."

This complaint also sought a temporary restraining order against Betty Gay Orton and her attorney, ordering and directing that they cease and desist directly from taking any action in connection with establishment or consummation of all proceedings relating to the probate and administration of any alleged will of decedent. The complaint sought a declaratory judgment finding that the decedent was domiciled in Madison County at the time of her death, and that the Probate Court of Jefferson County was without jurisdiction to probate the will offered there.

On the same day as filed, the Circuit Court of Madison County issued the temporary restraining order sought and set the cause for hearing on November 7, 1973 (subsequently continued to December 6, 1973).

To this complaint, Mrs. Orton (hereinafter referred to as defendant) filed a motion to dismiss, which was overruled. She then filed an answer denying that the will offered for probate in Jefferson County had been revoked and stating that the issue of place of residency or domicile of the decedent had been previously litigated in the Probate Court of Jefferson County; and that an order had been entered, after a hearing in which the question of domicile was the only issue, finding that the decedent was domiciled in Jefferson County at the time of her death.

A trial on the complaint, as amended, and this answer was held, which resulted in a final decree dated February 28, 1974, holding:

1. That the testatrix was domiciled in Madison County at the time of her death;

2. That the will offered for probate in Madison County was the final will of the decedent, and that the prior will offered

for probate in Jefferson County had been revoked;

3. That the temporary restraining order be made final; and

4. Ordering that the Probate Court of Madison County proceed with the probate of the will offered there.

From this decree, the defendant brings the present appeal. Although there are several assignments of error, the thrust of defendant's argument on appeal is that the Madison County Circuit Court erred in denying her motion to dismiss, since the issue of domicile had been determined between these parties in the Probate Court of Jefferson County and it was error to permit a relitigation of that issue. We agree. Title 61, § 35, Code of Alabama 1940, in part, provides:

"§ 35. In what court will to be proved.—Wills must be proved in the several probate courts as follows:

"1. When the testator, at the time of his death, was an inhabitant of the county, in the probate court of such county."

The statutory jurisdictional averment was made in the petition for probate filed in Jefferson County. Issue was joined on that question and a hearing held, which resulted in a finding by the Probate Court of Jefferson County that the decedent was an inhabitant of Jefferson County at the time of her death. For more than one hundred years, this court has consistently held that ". . . where the jurisdiction of a court depends upon a fact which such court is required to ascertain and settle by its decision, as a preliminary to its jurisdiction . . . the decision of the court as to the jurisdictional fact cannot collaterally be called in question. (Citations Omitted)" Wyatt's Adm'r v. Steele, 26 Ala. 639, 650 (1855). It is equally well-settled in this state that the court first assuming jurisdiction of a cause, the subject matter being within the

competency of such court, must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals. Beasley et al. v. Howell, Adm'r, 117 Ala. 499, 22 So. 989 (1897).

McDonnell v. Farrow, 132 Ala. 227, 31 So. 475 (1901), speaks squarely to the question before us. There, a petition was filed in the Probate Court of Madison County to probate the will of one Miss Fennell. The petition alleged that the testatrix was, at the time of her death, an inhabitant of Madison County. The court noted that this averment was necessary under the statute (now Title 61, § 35) to impart regularity to the proceeding to probate the will in that court. There this court said:

". . . The habitat so laid was an issuable fact, the determination of which by that court will be conclusive. . . . It had the clear right and power, upon the propounding of the will . . . (to determine) as it has the jurisdiction to determine, that the testatrix was an inhabitant of the county . . ." (132 Ala. at 228, 31 So. at 476)

In Ambrose v. Vandeford, 277 Ala. 66, 167 So.2d 149 (1964), a petition was filed in the Probate Court of Jefferson County seeking to probate the will of petitioner's father. A plea in abatement was filed asserting that the testator was a resident of Bibb County at the time of his death. A hearing was held, at which witnesses testified. The probate court overruled the plea in abatement finding that the testator was a resident of Jefferson County at the time of his death. In that case, an appeal was taken from the probate court's order to the Circuit Court of Jefferson County under the provisions of Title 7, § 775 et seq., Code of Alabama 1940, which affirmed the probate court. Appeal to this court was from the latter order.

The procedure followed in *Ambrose* is the proper one. Here, Mrs. Cheat-

ham could have appealed the order of the Probate Court of Jefferson County finding that her mother was domiciled in that county, after a hearing on her plea in abatement. She did not do that. Rather, she ignored that order and filed the proceeding in Madison County, which resulted in the decree, which is the subject of this appeal.

The Circuit Court of Madison County erred in permitting these parties to relitigate the issue of the domicile of Mrs. Gay. That issue has been litigated between them in the Probate Court of Jefferson County and no steps were taken to review that determination. Therefore, the conclusion reached in the Probate Court of Jefferson County is conclusive on that issue, White v. Hilbish, 282 Ala. 498, 213 So.2d 230 (1968), and cannot be collaterally attacked. Alabama Digest, Judgment, ☜475.

Plaintiff in this case apparently sought to defeat the res judicata effect of the Jefferson County decree by adding the Probate Judge of Madison County as a party complainant in her action. Since the pleading adding the party fails to disclose any interest of the probate judge in the litigation, we must assume that the only interest or connection of this party with the proceeding is in her official capacity as the judge of the court in which the will was offered for probate. The requirement that there must be a substantial identity of parties to make a judgment res judicata has not been altered by this attempted addition of parties. 46 Am.Jur.2d, Judgments, § 531.

In other words, the amendment adding the judge of probate as a party in the instant case did not effectively add an additional party so as to defeat the operation of the res judicata principle.

We do not consider the question of the validity of the will offered for probate in Jefferson County. That question is not before us.

The decree appealed from is reversed and one is here rendered in favor of the appellant.

Reversed and rendered.

HEFLIN, C. J., and MERRILL, MADDOX and JONES, JJ., concur.