Pat Martin filed a petition in Shelby County Probate Court to be appointed guardian over her mother, Georgia Kate Hosch Clark, who suffers from Alzheimer's disease. Following a hearing on May 12, 1988, a jury declared Mrs. Clark non composmentis; the probate judge granted Mrs. Martin's petition and issued letters of guardianship to her the same day.
Thereafter, on October 3, 1988, Nelson Clark, Mrs. Clark's husband, filed a petition in Shelby County Probate Court to set aside the appointment of Mrs. Martin as guardian, for which the probate judge set a hearing on October 24, 1988. Prior to that hearing, Mr. Clark also filed, in Walker Circuit Court, a petition for writ of habeas corpus or, in the alternative, a writ of error coram nobis. Finding that Mr. Clark had not received notice of his wife's incapacity proceedings as required by Ala. Code 1975, § 26-2A-103 (Cum.Supp. 1988), the circuit judge held the probate court's finding of incapacity and its appointment of Mrs. Martin as guardian void and granted Mr. Clark's petition ex parte on October 18, 1988. Mrs. Martin appeals from that ruling and argues that the circuit court lacked jurisdiction to enter its order.
We begin by noting that jurisdiction was proper in the Shelby County Probate Court, pursuant to § 26-2A-31 (Cum.Supp. 1988) (probate court has jurisdiction over all subject matter relating to protection of minors and incapacitated persons). Venue in that court was also proper under § 26-2A-101
(Cum.Supp. 1988), which requires only that the incapacitated person reside in or be present at the place where proceedings are commenced. Furthermore, § 26-2A-111 allows the probate court at the place where the ward resides to have concurrent jurisdiction with the probate court that appointed the guardian "or in which acceptance of a parental or spousal appointment was filed over resignation, removal, accounting, and other proceedings relating to the guardianship, including proceedings to limit the authority previously conferred on a guardian or to remove limitations previously imposed."
In his petition to set aside the appointment of Mrs. Martin as guardian, Mr. Clark claimed that his wife's domicile was in Bay County, Florida; however, he also acknowledged in that petition that she was present in Shelby County when the incapacity proceedings were initiated. Also, Mrs. Clark's guardian ad litem confirmed her presence in Shelby County prior to the proceedings in his report to the probate judge on May 12, 1988, in which he stated that she was residing with Mr. and Mrs. Martin at that time. Finally, the probate judge noted in his order granting Mrs. Martin's petition for guardianship that jurisdiction and venue were proper. *Page 1032 
We hold that the Walker Circuit Court did not have jurisdiction to issue its order. It is clear from the record that Mr. Clark's petition to set aside the guardianship was still pending in Shelby County Probate Court and was unresolved when he filed his habeas corpus petition in Walker County. "It is . . . well settled in this state that the court first assuming jurisdiction of a cause, the subject matter being within the competency of such court, must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals." Orton v. Cheatham, 293 Ala. 639, 643,309 So.2d 94, 96 (1975) (citation omitted).
In a case similar to this one, Ex parte Moore, 382 So.2d 548
(Ala. 1980), this Court granted a writ of mandamus and ordered the trial court in Jefferson County to abate a declaratory judgment action that had been filed there because two actions to enforce mechanic's liens, which were also the subject of the declaratory judgment action, were pending in Shelby Circuit Court. "The first court seized of the issues involved, if identical, whether by action for declaration, or other judgment, must be permitted to retain jurisdiction of the case." Id. at 550 (citations omitted).
Once Mr. Clark invoked the jurisdiction of the probate court in Shelby County, he could not simultaneously bring an action involving the same subject matter in another court, even one having concurrent jurisdiction. See Ex parte State ex rel.Ussery, 285 Ala. 279, 231 So.2d 314 (1970), and Ala. Code 1975, § 6-5-440. Thus, the circuit court should have denied Mr. Clark's petition. It is, therefore, directed to set aside the order granting the petition for writ of habeas corpus or, in the alternative, for writ of error coram nobis.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.