Humana Medical Corporation, doing business as Humana Hospital Shoals ("Humana"), petitions for a writ of mandamus directed to the Honorable Inge Johnson of the Colbert Circuit Court ordering her not to conduct the trial against it before conducting the trial of a previous co-defendant, the estate of Dr. Thomas G. Holmes.
In an appeal from the circuit court lawsuit that gives rise to this mandamus proceeding, we held that the jury's verdicts in favor of Dr. Holmes's estate and against Humana were inconsistent, and we reversed the judgment based on those verdicts. We held that by an opinion dated August 9, 1991. After our decision in that appeal, Humana moved for a severance of the claims against it and Dr. Holmes's estate, and Judge Johnson granted its motion for severance. Thereafter, Judge Johnson scheduled the case against Humana for trial first; in response, Humana filed this mandamus petition.
On the date of this present opinion, we have also, ex meromotu, withdrawn the *Page 671 
August 9, 1991, opinion issued on appeal from the circuit court's original judgment in this case, and we have this date issued a new opinion in that case. See Humana Medical Corp. ofAlabama v. Traffanstedt, 597 So.2d 667 (Ala. 1992) (on rehearing ex mero motu). That March 6, 1992, opinion does not change the order or result of the withdrawn August 9, 1991, opinion, but states a different rationale for the holding. Thus, the set of facts that led to the filing of this present mandamus action is not affected by the issuance of the new opinion in the prior appeal of this case.
Humana argues that the trial court abused its discretion in ordering that the trial against it precede the trial against Dr. Holmes's estate, because, it argues, such a ruling is not "conducive to expedition and economy." Rule 42(b), A.R.Civ.P. It is well established that mandamus is a "drastic" and "extraordinary" remedy that will be granted only upon a showing that the petitioner has a clear right to it. Ex parte W.Y., [Ms. 1901895, January 3, 1992], 1992 WL 210 (Ala. 1992). The trial court has wide discretion in ordering separate trials and in severing claims, and the trial court's decision in that regard will be reversed only if it abused that discretion. Exparte R.B. Ethridge Associates, Inc., 494 So.2d 54 (Ala. 1986). "[A]bsent an abuse of discretion, the trial court will be allowed to 'shape the order of trial' through the provisions of Rule 42, ARCP." Ex parte Marcrum, 372 So.2d 313, 315 (Ala. 1979). See, also, Black v. Boyd, 251 F.2d 843 (6th Cir. 1958). Likewise, when claims have been severed pursuant to Rule 21, A.R.Civ.P., the trial judge has even more discretion to "shape the order of trial."
Even though a verdict against Humana necessitates a preliminary finding by the same jury that Dr. Holmes negligently performed Traffanstedt's surgery, a separate jury deciding the issue whether Dr. Holmes was negligent could properly reach a contrary result, i.e., that he was not negligent. The verdicts in the previous trial of these issues — verdicts for Dr. Holmes's estate and against Humana — were inconsistent because they were rendered by the same jury;
however, opposite results by separate juries would not be inconsistent. As this Court explained in Lewis v. Moss,347 So.2d 91, 94 (Ala. 1977):
 "The analogy of a single jury's verdicts in consolidated primary and derivative actions with separate verdicts by two different juries is fallacious reasoning. This overlooks 'opposite results' which are permissible in the case of two juries viewing the same transaction and 'inconsistent verdicts' which are impermissible in the case of a single jury trying two claims in a consolidated action."
See, also, Barnes v. Oswalt, 579 So.2d 1319 (Ala. 1991).
It is, therefore, not necessary that the trial against Dr. Holmes's estate precede the trial against Humana. Without legal inconsistency, a first jury could find that Humana was negligent and/or wanton in monitoring and supervising Dr. Holmes and that Dr. Holmes was negligent when he operated on Traffanstedt and a second jury could find that Dr. Holmes did not act negligently. Judgments based on those verdicts would be independent of one another. The trial court did not abuse its discretion in scheduling the trial against Humana first. The petition is, therefore, denied.
WRIT DENIED.
MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.