Arnold R. Moore and Green Brook Contractors, Inc., petition this Court for a writ of mandamus ordering the Circuit Court of St. Clair County to transfer this action to the Circuit Court of Jefferson County and to set aside a writ of attachment. The petitioners state the issues as 1) whether venue was proper in St. Clair County, 2) whether the action should be transferred to a more convenient *Page 459 
forum pursuant to Ala. Code 1975, § 6-3-21.1, and 3) whether the circuit court should have issued a writ of attachment.
The exhibits attached to the mandamus petition present the following facts and history of this litigation:
Arnold Moore is the president and primary stockholder of Green Brook. Green Brook employed J.R. Bryan, Jr., as a job estimator and superintendent of construction work. Difficulties arose between Moore and Bryan and, in May 1993, Bryan either quit or was fired. On June 8, 1993, Bryan filed in St. Clair County a complaint for a writ of attachment, naming Moore and Green Brook as defendants. The complaint alleged that Moore and Green Brook owed Bryan money for a breach of contract, see Ala. Code 1975, § 6-6-41, and that Green Brook was "about to fraudulently dispose of money currently held in an account at Union State Bank," and "ha[d] money on account at Union State Bank which it fraudulently caused to be transferred from one account to another, thereby causing the return of a check made payable to J.R. Bryan for insufficient funds [and] thereby fraudulently withholding said funds from J.R. Bryan, Jr." See Ala. Code 1975, § 6-6-42(6) and (7). The defendants were served on June 14.
On June 16, Moore and Green Brook filed an action against Bryan in the Circuit Court of Jefferson County, seeking injunctive relief and damages. The request for damages was based on six counts, alleging conversion, intentional interference with business and contractual relations, negligence, willfulness, libel and slander, and fraud. On July 29, the Jefferson County Circuit Court entered a preliminary injunction ordering Bryan to return Green Brook's business records, tools, and equipment that were in his possession.
Meanwhile, in the St. Clair action, Moore and Green Brook filed on June 25 a motion to dismiss the complaint for attachment or, in the alternative, a motion to transfer the action. The motion to dismiss, citing Rule 64(b)(1)(C) and (D), Ala.R.Civ.P., alleged that Bryan's affidavit in support of his complaint failed to set forth specific facts in support of the claim of fraudulent disposition of assets. The motion to transfer stated only:
 "Alternatively, the Defendants request that this case be transferred to Jefferson County Circuit Court where venue is proper as to all parties. Defendants aver that venue as to Arnold R. Moore and . . . Green Brook Contractors, Inc. is improper in St. Clair County, Alabama and that Union State Bank operates several branch offices in Jefferson County, Alabama where a Writ of Attachment could be levied. Furthermore, an action has already been commenced by the Defendants against the Plaintiff in the Circuit Court of Jefferson County, Alabama and in the interests of judicial economy, this case should be transferred to Jefferson County where it can be consolidated with the pending action."
From the materials attached to the petition, it does not appear that any affidavit or other evidence was submitted in support of this motion.
On June 29, the St. Clair Circuit Court entered the following order:
 "This cause coming on to be heard on Plaintiff's Motion for Writ of Seizure, each party appearing in court with their respective attorney, and after hearing evidence of both sides the Court is of the opinion that the writ is due to be granted for the amount of . . . $17,975.00. The Court finds that there is satisfactory proof of the grounds under Sections 6-6-42(6) and (7), Code of Alabama, 1975, to substantiate this pre-judgment seizure."
No record of the hearing is before us. Furthermore, the briefs of the parties refer to a complaint filed by Bryan in St. Clair County on June 23, alleging fraud, breach of contract, and work and labor performed, as the claims underlying the complaint for a writ of attachment, but that complaint is not before us.
On July 27, Moore and Green Brook filed a "motion to reconsider," asking the St. Clair Circuit Court to reconsider its order issuing a writ of attachment "and its denial of Defendants' Motion to Transfer." After arguing the merits of the writ of attachment, the motion has a section entitled "Forum Non *Page 460 
Conveniens." In this section, Moore and Green Brook state:
 "On June 29, 1993, this Court determined that venue for this action is proper in St. Clair County. However, the Defendants assert that under § 6-3-21.1 Code of Alabama, 1975, this action should be transferred to Jefferson County for the convenience of the parties."
The motion then lists eight factors that Moore and Green Brook contend make Jefferson County a significantly more convenient forum. An affidavit from Moore was filed with this motion, but it pertained only to the allegation of fraudulent transfer of assets. The St. Clair Circuit Court heard argument on this motion on August 26 and denied it on September 27.
On October 18, Moore and Green Brook filed another "motion to reconsider," this one addressed only to the question of transfer to a more convenient forum pursuant to § 6-3-21.1. In this motion, the defendants stated: "St. Clair County is an appropriate venue for this case," but argued that "for all the witnesses and the defendants, Jefferson County is a significantly more convenient forum." Another affidavit from Moore was filed, this one to support the assertion that Jefferson County was a more convenient forum. The St. Clair Circuit Court held a hearing on this motion on December 15. Again, there is no record of that hearing, but the petition for the writ of mandamus includes as an exhibit an affidavit from Bryan dated December 13 in which he said that he "performed work, labor and services for Green Brook Contractors from 1991 until 1993 in St. Clair County, Alabama and other counties in Alabama." The court denied the motion on December 20.
As far as we can tell from the materials before us, the defendants introduced no evidence to support their argument that venue was improper in St. Clair County until they filed Moore's affidavit in support of their second "motion to reconsider." In that motion, they essentially conceded that venue was proper in St. Clair County. Bryan's affidavit, submitted in opposition to that motion, states that he performed work for Green Brook in St. Clair County in 1993. "In all actions for work and labor done . . . the action may be commenced in the county in which the work was done. . . ." Ala. Code 1975, § 6-3-3.
 "[A] domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiff's residence."
Ala. Code 1975, § 6-3-7.
 "The burden of proving improper venue is on the party raising the issue, and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial court."
Ex parte Ralston, 519 So.2d 488, 490 (Ala. 1987); Ex parteLashley, 596 So.2d 890 (Ala. 1992). The petition before us does not make a clear showing of error in the denial of the motion to transfer. The complaint for a writ of attachment claims an indebtedness by Green Brook to Bryan, and Bryan states in his affidavit that his claim is for work and labor done at least partly in St. Clair County. These facts support a conclusion that St. Clair County is a proper venue as to Green Brook under both § 6-3-3 and § 6-3-7. The claim against Moore can properly be joined with the claim against Green Brook, and, venue being proper in St. Clair County as to Green Brook, the claim against Moore also can properly be pursued in that county. Rule 82(c), Ala.R.Civ.P.
Nor is there any showing sufficient to support the issuance of a writ of mandamus ordering the St. Clair Circuit Court to grant the motion to transfer to a more convenient forum.
 "The transferee forum must be 'significantly more convenient' than the forum in which the action is filed, as chosen by the plaintiffs, to justify transfer. . . .
 ". . . The trial court should grant a motion to transfer on the ground that another *Page 461 
venue is more convenient to the parties only when it is convinced that the right of the plaintiff to choose the forum is outweighed by the inconvenience to the parties. In order to make such a determination, the trial court may order a hearing, at which the burden is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiff's right to choose the forum is overcome."
Ex parte Townsend, 589 So.2d 711, 715 (Ala. 1991) (citation omitted). Furthermore, transfers under § 6-3-21.1 are within the sound discretion of the trial judge. Id.; Ex parte City ofFayette, 611 So.2d 1032 (Ala. 1992)[1]; Ex parte Canady,563 So.2d 1024 (Ala. 1990).
Moore and Green Brook did not file their motion to transfer to a more convenient forum until after the St. Clair Circuit Court had denied their motion to transfer because of what they alleged to be improper venue. There is no showing that the initial forum non conveniens motion was supported by an affidavit or by any other evidence. Such a showing, according to the exhibits before us, was not made until after the circuit court had denied the first motion to transfer to a more convenient forum. Thus, the circuit court, in its discretion, could have determined that the motion to transfer to a more convenient forum was untimely or that the initial motion was not adequately supported.
The only evidence before us in support of the motion to transfer to a more convenient forum is the second affidavit filed by Moore in support of the second "motion to reconsider." In that affidavit, he states that he and Steven Moore are the sole owners of Green Brook and that they are both residents of Jefferson County; that Green Brook's only office is in Jefferson County; that three named witnesses are residents of Jefferson County; that Bryan, while working for Green Brook, worked out of either Green Brook's office in Jefferson County or an office Bryan had in Jefferson County; that Bryan's wife, while working as Green Brook's bookkeeper, worked out of Bryan's office in Jefferson County; and that Green Brook has not contracted to perform any work in St. Clair County. This evidence tends only to show that Jefferson County is moderately more convenient for the defendants and their witnesses, while St. Clair County is moderately more convenient for the plaintiff. Jefferson County and St. Clair County are adjacent and their courthouses are approximately 35 miles apart. Thus, any inconvenience to the defendants and their witnesses is not so great that the trial court can be said to have abused its discretion in determining that Jefferson County was not a "significantly more convenient" forum and that "the right of the plaintiff to choose the forum is [not] outweighed by the inconvenience to the parties." Ex parte Townsend
589 So.2d at 715.
The defendants state their third issue as whether the circuit court should have issued a writ of attachment against Moore. Their brief argues the merits of whether Moore's transfer of funds from one account to another was fraudulent. However, the affidavit submitted by Bryan in support of the complaint for attachment is not included with the mandamus petition, and we have not been provided a transcript of the hearing at which the trial court heard the evidence that provided the basis for the writ of attachment.
Moore and Green Brook cite no cases in that portion of their brief addressing this third issue; they cite no authority for the proposition that a writ of mandamus will lie to review a prejudgment attachment. Cf. Ex parte Alabama Mobile Homes,Inc., 468 So.2d 156 (Ala. 1985), in which this Court denied a petition for writ of mandamus to set aside a prejudgment garnishment of a bank account; in that case no question was presented as to the availability of the writ of mandamus. Our research reveals very few cases in recent decades on the subject of attachment. See Jones v. Preuit Mauldin,851 F.2d 1321 (11th Cir. 1988),[2] holding that creditors who had obtained prejudgment attachment *Page 462 
of a debtor's property were entitled to qualified immunity from an action filed by the debtor under 42 U.S.C. § 1983.
Considering that the briefs discuss no authority on the point, we reserve the question whether a writ of mandamus will lie to correct the wrongful issuance of a writ of attachment, or whether an appeal provides an adequate remedy. We deny the writ on the basis that the trial court heard evidence that is not included with the petition for the writ of mandamus. On review by mandamus, the reviewing court must look at only the evidence that was before the trial court. Ex parte Ralston,519 So.2d 488 (Ala. 1987); Ex parte Baker, 459 So.2d 873 (Ala. 1984). Conversely, if there was evidence before the trial court that is not presented with the mandamus petition and that evidence might support the trial court's decision, the petitioner has not met his burden of making a "clear showing of error" by the trial court. Ex parte Jim Skinner Ford, Inc., 435 So.2d 1235,1237 (Ala. 1983). A writ of mandamus is a drastic and extraordinary remedy, and such a writ will be issued only upon a showing that the petitioner has a clear right to relief. Exparte Humana Medical Corp., 597 So.2d 670, 671 (Ala. 1992).
For the reasons stated, the petition for the writ of mandamus is denied.
WRIT DENIED.
HORNSBY, C.J., and HOUSTON, KENNEDY and COOK, JJ., concur.
[1] Overruled on other grounds, Ex parte Alabama Power Co.,640 So.2d 921 (Ala. 1994).
[2] Vacated on other grounds, 489 U.S. 1002, 109 S.Ct. 1105,103 L.Ed.2d 170 on remand, 876 F.2d 1480 (11th Cir. 1989).