ALMON, Justice.
The Equitable Life Assurance Society of the United States, Equitable Variable Life Insurance Company, and Equitable insurance agent Joe Moore (hereinafter “Equitable”), defendants in an action pending in the Greene County Circuit Court, petition for a writ of mandamus directed to the circuit court. The only issue presented by this petition is whether the Greene County circuit judge abused his discretion in denying the defendants’ motion, filed pursuant to Ala. Code 1975, § 6-3-21.1, to transfer the action to the Tuscaloosa County Circuit Court.
In 1993, Dr. M. Omar Mohabbat filed an action in the Tuscaloosa County Circuit Court against Equitable and some of its agents regarding a variable life insurance policy he had purchased from Equitable. After more than 18 months of proceedings before the Tuscaloosa Circuit Court, Mohabbat and Equitable settled that action. The parties executed a settlement agreement pursuant to which Equitable was to pay Mohabbat a sum of money and reinstate his insurance coverage, and Mohabbat was to release all claims against Equitable and its agents. Mohabbat’s counsel subsequently filed a stipulation for dismissal of all claims against Equitable, with prejudice, and the Tuscaloosa Circuit Court entered a judgment dismissing the action.
Several months later, Mohabbat filed the instant action in the Circuit Court of Greene County, alleging that Equitable had breached the settlement agreement and also alleging that Equitable had made fraudulent misrepresentations to him regarding the settlement agreement. Equitable moved to transfer this action to Tuscaloosa County, pursuant to § 6-3-21.1, which states:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the ease shall proceed as though originally filed therein.”
The circuit court denied the motion to transfer. Equitable petitioned this Court for a writ of mandamus directing it to transfer the case to Tuscaloosa County.
A mandamus petition is the proper means for reviewing a circuit court’s refusal to transfer a case to another circuit. Ex parte Kennedy, 656 So.2d 365, 367 (Ala.1995). Transfers under § 6-3-21.1 are ordinarily within the discretion of the circuit court. Ex parte Townsend, 589 So.2d 711, 714 (Ala.1991). The party seeking the writ of mandamus must make a clear showing that the court erred in refusing to transfer the case. Kennedy, 656 So.2d at 367.
In light of this Court’s decisions, such as Ex parte Bloodsaw, 648 So.2d 553, 555 (Ala.1994); Townsend, 589 So.2d at 715; Ex parte Moore, 642 So.2d 457 (Ala.1994); and Ex parte Prudential Insurance Co. of America, 675 So.2d 856 (Ala.1996), we conclude that it was not an abuse of discretion for the circuit court to deny the motion to transfer on the ground of the convenience of the parties and witnesses.
However, § 6-3-21.1 also provides for a transfer in the “interest of justice.” Equitable argues that, the interest of justice demands that this action be litigated in Tuscaloosa County because Mohabbat is attacking a settlement reached in a lawsuit filed in Tuscaloosa County. Mohabbat alleges that Equitable has breached the settlement. He seeks to recover for that breach, as well as the alleged fraud that he says induced him to enter into the settlement agreement. Equi *329 table argues that courts have the inherent power to enforce their own judgments, citing, among other cases, Patchett v. Patchett, 469 So.2d 642 (Ala.Civ.App.1985); and Ex parte Burch, 236 Ala. 662, 665, 184 So. 694 (1938).
In Ex parte Edgar, 543 So.2d 682 (Ala. 1989), this Court held that a writ of mandamus was not due to issue where a defendant sought a transfer and there was “no evidence tending to show that justice would not be served” by the circuit court’s refusal to transfer the ease to another county. Edgar, 543 So.2d at 686. In the instant case, howev-' er, the materials before this Court reflect that the litigation in the Tuscaloosa Circuit Court action extended for more than 18 months before the parties reached their settlement agreement. During the course of that litigation, the parties conducted substantial discovery and Equitable moved for a summary judgment. The Tuscaloosa Circuit Court held a hearing on the motion for summary judgment. On July 22, 1994, the Tuscaloosa circuit judge issued a 48-pagé order granting the summary judgment motion in part and denying it in part. The same judge also entered the final judgment in the original action, upon stipulation by the parties.
The Tuscaloosa Circuit Court became deeply involved with the original case during its pendency. That court is familiar with the underlying issues on which the settlement agreement was based, having presided over the ease for more than a year and a half, having issued a lengthy order granting in part and denying in part Equitable’s motion for summary judgment, and having entered the final judgment in the action. This extended involvement with the original action necessarily gives the Tuscaloosa court a detailed familiarity with the issues involved in the instant case.
This petition concerns only a request for a change of venue pursuant to § 6-3-21.1; it does not relate to jurisdiction, so we express no opinion as to whether the Circuit Court of Greene County has jurisdiction to hear Dr. Mohabbat’s complaint. However, the principle is “well settled in this state that the court first assuming jurisdiction of a cause, the subject matter being within the competency of such court, must be allowed to pursue and exercise its jurisdiction to the exclusion of all coordinate tribunals.” Orton v. Cheatham, 293 Ala. 639, 643, 309 So.2d 94, 96 (1975); Martin v. Clark, 554 So.2d 1030 (Ala.1989). We make no holding as to whether the instant case is in the nature of a Rule 60(b) motion or an independent action contemplated by Rule 60(b), Ala. R. CivApp.; however, it is sufficiently similar to such a proceeding to make the Tuscaloosa Circuit Court the proper court to hear this case. Therefore, Equitable has made a clear showing that the interest of justice would be served by transferring this case to Tuscaloosa County pursuant to Ala.Code 1975, § 6-3-21.1.
Because Equitable has shown that the interest of justice requires that this case be. transferred to Tuscaloosa County, the writ of mandamus is granted. The Circuit Court of Greene County is hereby ordered to vacate its order of February 7, 1997, denying the motion to transfer the case, and is further ordered to transfer the ease to the Tuscaloosa County CircuitCourt.
WRIT GRANTED.
HOOPER, C. J., and HOUSTON and COOK, JJ., concur.
SEE, J., concurs in the result.