COOK, Justice.
The City of Greensboro, a defendant in an action pending in the Choctaw Circuit Court, petitions for a writ of mandamus directing that court to reinstate an order transferring the claims against the City of Greensboro to Hale County. We grant the petition.
In April 1996, the municipal court of the City of Greensboro, which is located in Hale County, issued a warrant for the arrest of Clinton Ridgeway for failure to appear in court with regard to a traffic ticket. Ridge-way paid the fine for the traffic violation and for the failure-to-appear charge, on April 16, 1996; on April 18, 1996, the City of Greensboro municipal court issued a warrant-recall order. For reasons unknown, the recall order was not executed.
In February 1997, Ridgeway was stopped by a City of Butler police officer in Choctaw County. The officer gave Ridgeway a warning ticket for speeding, but arrested Ridge-way when the driver’s-license check showed the still-outstanding arrest warrant issued by the City of Greensboro. Ridgeway was detained for a short time in the Choctaw County jail and was then released.
In February 1998, Ridgeway filed a complaint in the Circuit Court of Choctaw County, against the City of Greensboro and the City of Butler, alleging malicious prosecution. Ridgeway claimed that, as a result of the defendants’ conduct, he had suffered severe mental anguish and emotional distress, as well as humiliation, embarrassment, and damage to his reputation.
The City of Greensboro moved to dismiss the claims against it or, in the alternative, to sever those claims and to transfer them to the Circuit Court of Hale County, arguing that the only proper forum for the trial of those claims was Hale County. The Choctaw Circuit Court denied the motion to dismiss, but granted the motion for severance and transferred the claims against the City of Greensboro to the Hale Circuit Court.
Ridgeway filed a motion to set aside the transfer order. The Choctaw Circuit Court held a hearing on the motion and, on May 14, 1998, set aside its transfer order. The City of Greensboro seeks a writ of mandamus directing the Choctaw Circuit Court to vacate its order of May 14 and to reinstate its order severing Ridgeway’s claims against the City of Greensboro and transferring those claims to Hale County.
The City of Greensboro contends that the Choctaw Circuit Court failed to follow Ala. Code 1975, § 6-3-11, as interpreted and applied by this Court in Ex parte Alabama Power Co., 640 So.2d 921 (Ala. 1994).
In Ex parte Alabama Power Co., the plaintiffs filed an action in the Jefferson County Circuit Court against corporate defendants and against the City of Alexander City, alleging trespass and nuisance, after the plaintiffs’ lakefront property had been affected by hazardous wastes in Lake Martin. The trial court denied the defendants’ motion to dismiss or, in the alternative, to transfer the action to Tallapoosa County, holding that the plaintiffs’ action “sound[ed] in trespass” and that venue was, therefore, controlled by Ex parte Pickens Coal Co., 544 So.2d 960 (Ala. 1989). See 640 So.2d at 922.
Based on Ex parte Pickens Coal Co., and on the provisions of § 6-3-7 (“Venue of actions — Against foreign and domestic corporations”), this Court affirmed the trial court’s order as to the corporate defendants. With regard to the City of Alexander City, however, we wrote:
“Before the enactment of § 6-3-11 in 1987, venue of actions against municipalities and domestic and foreign corporations was controlled by § 6-3-7. However, in Ex parte City of Birmingham, 507 So.2d *159 471, 473 (Ala. 1987), the Court held that § 6-3-7 did not apply to municipalities and that [venue of] an action against a municipality generally lies in the county wherein the municipality is located. The Court based its holding on the following reasoning of the Maryland Court of Appeals in Phillips v. City of Baltimore, 110 Md. 431, 438, 72 A. 902, 905 (1909):
“ ‘ “The principle that is involved is that of inconvenience to the exercise of the sovereign authority delegated by the state to its municipal corporations, upon the ground that, if they are to be subjected to suit in any and every part of the state, such suits must inevitably hinder and delay the successful conduct of the functions of government.” ’
“507 So.2d at 473 (quoting Phillips).
“After the Court’s holding in Ex parte City of Birmingham, the legislature, exercising its constitutional power ..., enacted Act No. 87-391, Ala. Acts 1987 (§ 1 of which is now Ala.Code 1975, § 6-3-11)-
[[Image here]]
“... Thus, in enacting Act No. 87-391, a general act of statewide application, the legislature established as the rule of law relating to venue for municipalities the provision now appearing at § 6-3-11_”
Ex parte Alabama Power Co., 640 So.2d at 923-24. See, also, Ex parte Kennedy, 656 So.2d 365 (Ala. 1995).
Section 6-3-11 provides:
“The venue for all civil actions for damages for personal injury, death, or property damage filed against a county or against a municipality shall be in the county or in the county in which the municipality is located or in the county within which the act or omission complained of occurred.”
The first alternative of § 6-3-11 makes venue for Ridgeway’s claims against the City of Greensboro proper in Hale County — that is “the county within which the municipality is located.” Ridgeway argues, however, that the second alternative of § 6-3-11 — “the county in which the act or omission complained of occurred” — makes venue proper in Choctaw County because he says he was illegally arrested and detained there.
The facts in Ex parte Alabama Power Co. are distinguishable from the facts of this present case, says Ridgeway, because in that case both the defendant Alexander City and the affected real estate (where “the act or omission complained of occurred”) were located in Tallapoosa County. Because Talla-poosa County was a proper venue under both alternatives of § 6-3-11, argues Ridgeway, the trial court had no option as to determining venue with regard to the claims against the municipal defendant. Here, says Ridge-way, although the City of Greensboro is in Hale County, the “act or omission” giving rise to his claims for personal injury against both defendants occurred in Choctaw County, where he was arrested and detained. We disagree.
In Ex parte Arrington, 599 So.2d 24 (Ala. 1992), the plaintiff filed a libel action in Shelby County against a Birmingham newspaper and the mayor of Birmingham, based on allegedly defamatory statements made about the plaintiff by the mayor and published by the newspaper. The mayor moved to transfer the action to Jefferson County. The trial court denied the motion to transfer, but this Court granted the mayor’s petition for a writ of mandamus directing the Shelby Circuit Court to transfer the case to Jefferson County. Central to the holding in Arrington was the distinction between “injury” and “damage” when proper venue is determined by “where the wrongful act or omission occurred.” The Arrington Court quoted the following language from Age-Herald Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921):
“ ‘It is clear that the word “injury”— in the Latin, injuria — in the phrase “where the injury occurred,” is used in its proper legal sense of wrong, importing, of course, a wrongful act or omission. “Damage,” the result of the wrongful act — technically called the damnum — is a correlative term of wholly distinct meaning and application....
“ ‘The meaning we accord to “injury” in section 6112 [Ala.Code 1907] is made clearer by a consideration of 6110 [the predecessor of § 6-3-2 ], which is a general venue statute, and which authorizes *160 the bringing of non-contractual personal actions either in the county of the defendant’s residence, “or in the county in which the act or omission complained of may have been done, or may have occurred.” Certainly, in enacting the later section [§ 6112, the predecessor of § 6-3-7], the Legislature did not intend to change the basis of venue in tort actions from the county in which the wrongful act was done or occurred to the county, or any county, in which the resulting damage occurred, and to thereby effect so vital a change in actions only against corporate defendants, and for personal injuries only.
“‘It results that, under section 6112 [the predecessor of § 6-3-7], the venue in this action must be laid in the county where the wrongful act—that is, the act violative of plaintiffs rights—was done. That act was, of course, the publishing of libelous matter in defendant’s newspaper, “published at Birmingham ”—so the complaint alleges, in accordance with the form prescribed by the statute for this action.’
“Id., 207 Ala. at 44, 92 So. at 197 (emphasis added) (citations omitted).”
Ex parte Arrington, 599 So.2d at 26. See, also, Ex parte SouthTrust Bank of Tuscaloosa County, N.A., 619 So.2d 1356, 1358 (Ala. 1993) (“ ‘injury5 for purposes of § 6-3-7 refers to the wrongful act or omission of the corporate defendant, not to the resulting damage to the plaintiff’).
Here, the wrongful act by the City of Greensboro of which Ridgeway complains was the failure to properly recall the warrant of arrest. The acts or omissions by the City of Greensboro that Ridgeway says caused the alleged damage occurred in Hale County. This is so, notwithstanding that the resulting consequences of the City of Greensboro’s act—those consequences being Ridgeway’s arrest and his alleged mental anguish, emotional distress, etc.—occurred in Choctaw County.
Ridgeway, relying on Rule 82(c), Ala. R. Civ. P., contends that because Choctaw County is a proper venue as to the claims against the City of Butler, it is also a proper venue as to the claims against the City of Greensboro. However, this Court has held that the venue provision of Rule 82(c) does not apply “to claims against municipalities, because that rule clearly conflicts with the legislative mandate of § 6-3-11.” Ex parte Alabama Power Co., 640 So.2d at 924.
The City of Greensboro has demonstrated a clear legal right to the relief it seeks, and a writ of mandamus is the appropriate remedy for the improper denial of a transfer to a proper venue. Ex parte Equitable Life Assurance Society of the United States, 703 So.2d 327 (Ala. 1997). Therefore, we grant the petition for the writ of mandamus and direct the trial court to vacate its order of May 14, 1998, and to enter an order transferring Ridgeway’s claims against the City of Greensboro to Hale County.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, SEE, LYONS, and BROWN, JJ., concur.