Rel: 12/12/14

Notice: This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

_____

## 1131150

_____

**Ex parte C.B. Grant, as administrator of the Estate of Phillip Frazier, deceased**

**PETITION FOR WRIT OF MANDAMUS**

**(In re:  C.B. Grant, as administrator of the Estate of Phillip Frazier, deceased**

**v.**

**Wiley Sanders Trucking Lines, Inc., et al.)**

(Montgomery Circuit Court, CV-13-901245)

BRYAN, Justice.

1131150

    C.B. Grant, the administrator of the estate of Phillip Frazier, deceased, filed this wrongful-death action in the Montgomery Circuit Court. Mitarazza Davis,[1] Frazier's widow, moved to intervene in the lawsuit, alleging that Grant had secured his appointment as administrator of the estate through fraud and requesting that the wrongful-death action be stayed pending the resolution of the dispute over the administration of the estate by the Lowndes Probate Court. The Montgomery Circuit Court entered an order declaring Grant's appointment as administrator of the estate void and declaring Davis to be the rightful party to serve as administrator of the estate. The Montgomery Circuit Court stayed the wrongful-death action pending the Lowndes Probate Court's appointment of Davis as the administrator of Frazier's estate. Grant petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to vacate its order and to lift the stay. We grant the petition in part and deny it in part.

## Facts and Procedural History

---

    [1]At various places in the materials before this Court, Frazier's widow is referred to as Mitarazza Davis and Mitarazza Davis Frazier. For ease of reference, we refer to Frazier's widow as "Davis."

Frazier, a resident of Lowndes County, died in a traffic accident on June 9, 2013. Frazier's father, C.B. Grant, petitioned the Lowndes Probate Court for letters of administration. With his petition, Grant filed a "Waiver of Notice and Consent of Appointment of Administrator" purportedly executed by Davis. The Lowndes Probate Court granted letters of administration to Grant on June 14, 2013.

On December 24, 2013, Grant, as administrator of Frazier's estate, filed a wrongful-death action in the Montgomery Circuit Court against Wiley Sanders Truck Lines, Inc., Ronald Herbst, and several fictitiously named defendants, alleging that their negligence and wantonness caused the accident resulting in Frazier's death. On March 14, 2014, Davis filed a motion to intervene in the wrongful-death action. In her motion, Davis asserted that Grant had secured his appointment as administrator of Frazier's estate through fraud and informed the court that she had petitioned the Lowndes Probate Court to void Grant's appointment as administrator of Frazier's estate and to appoint her as administrator. Davis also moved the Montgomery Circuit Court to stay the wrongful-death action pending resolution of the

1131150

petition filed in the Lowndes Probate Court.[2] Grant opposed the motion to intervene and the motion to stay the wrongful-death action.

On April 9, 2014, the Montgomery Circuit Court conducted an evidentiary hearing on Davis's motions to intervene and to stay. The court took testimony from witnesses, including Davis, Grant, several of Frazier's family members, and a handwriting expert. On April 11, 2014, the Montgomery Circuit Court entered the following order:

> "Based upon the testimony and evidence which was presented, this Court hereby determines that C.B. Grant was wrongfully appointed as the Administrator of the Estate of Phillip Frazier in Lowndes County Probate Case No. 2013-34. It is determined by this Court that C.B. Grant's appointment ... is hereby void and that the rightful party in interest to be appointed as the Administrator of the Estate of Phillip Frazier is Mitarazza Davis Frazier, the wife of Phillip Frazier. ...
>
> "Therefore, it is hereby ordered that this proceeding is hereby stayed pending the appointment of Mitarazza Davis Frazier as the Administrator of the Estate of Phillip Frazier."

___

[2]On July 21, 2014, the Lowndes Circuit Court granted Davis's petition to remove the administration of Frazier's estate to the Lowndes Circuit Court. The administration of the estate remains pending in the Lowndes Circuit Court.

4

1131150

Grant's motion to reconsider was denied, and he subsequently filed this petition for the writ of mandamus, seeking relief from the Montgomery Circuit Court's April 11, 2014, order.

> "'"'A writ of mandamus is an extraordinary remedy that requires a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the proper invoked jurisdiction of the court.'"'"

Ex parte Siderius, 144 So. 3d 319, 323 (Ala. 2013)(quoting Ex parte Punturo, 928 So. 2d 1030, 1033 (Ala. 2002), quoting in turn Ex parte Bruner, 749 So. 2d 437, 439 (Ala. 1999), quoting in turn Ex parte McNaughton, 728 So. 2d 592, 594 (Ala. 1998)).

## Analysis

In his petition, Grant argues that the Montgomery Circuit Court has no subject-matter jurisdiction over the administration of Frazier's estate pending in Lowndes County. We agree.

5

In the present case, the administration of Frazier's estate was initiated in the Lowndes Probate Court. It is undisputed that that court was the proper court to initiate administration of the estate.[3] At the time the Lowndes Probate Court issued letters of administration to Grant, it assumed jurisdiction over the administration of Frazier's estate, including jurisdiction over the "repeal or revocation" of such letters and the resolution of all controversies related to the administration of Frazier's estate. § 12-13-1, Ala. Code 1975;[4] see also DuBose v. Weaver, 68 So. 3d 814,

---

[3]The administration of an estate must be initiated in the probate court. Ex parte Smith, 619 So. 2d 1374, 1376 (Ala. 1993). Because Frazier was a resident of Lowndes County at the time of his death, venue was proper in the Lowndes Probate Court. § 43-8-162, Ala. Code 1975.

[4]Section 12-13-1, Ala. Code 1975, provides, in pertinent part:

"(b) The probate courts shall have original and general jurisdiction over the following matters:

"....

"(2) The granting of letters testamentary and of administration and the repeal or revocation of the same.

"(3) All controversies in relation to the right of executorship or of administration.

1131150

821-22 (Ala. 2011) (holding that an estate administration begins, and the probate court obtains jurisdiction over the administration, when the court issues letters of administration). Davis has since removed the administration of the estate to the Lowndes Circuit Court under the procedures provided for in § 12-11-41, Ala. Code 1975, and has filed a petition in the Lowndes Circuit Court seeking the revocation of the letters of administration issued to Grant. Therefore, up to the time of removal, the Lowndes Probate Court was the sole court with jurisdiction over matters relating to the appointment of an administrator and to the administration of Frazier's estate, including whether the letters of administration issued to Grant are due to be revoked. Since the removal of the administration to the Lowndes Circuit Court, the exclusive jurisdiction over the administration of th estate, including issues involving the appointment of an administrator, rests with the Lowndes Circuit Court. The Montgomery Circuit Court never obtained

"....

"(c) All orders, judgments and decrees of probate courts shall be accorded the same validity and presumptions which are accorded to judgments and orders of other courts of general jurisdiction."

7

subject-matter jurisdiction over the administration of Frazier's estate. DuBose, 68 So. 3d at 821 ("The circuit court can obtain jurisdiction over a pending administration of an estate only by removing the administration from the probate court to the circuit court pursuant to § 12-11-41 ...."). Nor does it have subject-matter jurisdiction to entertain collateral attacks on the administration of the estate. See Martin v. Clark, 554 So. 2d 1030, 1032 (Ala. 1989). Accordingly, to the extent that the Montgomery Circuit Court's April 11, 2014, order declared the appointment of Grant as administrator of Frazier's estate void and declared Davis to be the "rightful party in interest to be appointed as the Administrator of the Estate of Phillip Frazier," that order is a nullity.

Next, Grant contends that the Montgomery Circuit Court exceeded its discretion when it ordered the wrongful-death action stayed, because, he argues, Davis did not have "standing" to request a stay of the wrongful-death action. We note that a trial court has broad discretion to stay proceedings in a civil action pending the resolution of proceedings elsewhere. See Landis v. North American Co., 299

1131150

U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[5] In his petition, Grant cites no authority suggesting that, under the circumstances of this case, Davis could not request a stay of the wrongful-death action or that the Montgomery Circuit Court exceeded its discretion by ordering a stay. To the contrary, the proceedings in the Lowndes Circuit Court will decide who controls the litigation in this case.[6] Accordingly, Grant has failed to establish that he has a clear legal right to relief from the stay entered by the Montgomery Circuit Court.

## Conclusion

For the above reasons, we grant Grant's petition insofar as it challenges the Montgomery Circuit Court's purported

---

[5]Nevertheless, a stay may not be "immoderate." Ex parte American Family Care, Inc., 81 So. 3d 682, 683 (Ala. 2012).

[6]The materials before us indicate that Grant and Davis disagree as to how the wrongful-death action should be handled, including whether Frazier's brother, who was also Grant's son and the driver of the vehicle in which Frazier was riding at the time of the fatal accident, should be added as a defendant.

9

1131150

exercise of jurisdiction over matters related to the appointment of an administrator and the administration of Frazier's estate. To the extent the circuit court's April 11, 2014, order declared the letters of administration issued to Grant to be void and declared Davis the proper administrator of Frazier's estate, we order the circuit court to vacate that part of its order. As to Grant's request for relief from the stay, however, we deny the petition.

PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

Moore, C.J., and Bolin, Murdock, and Main, JJ., concur.